1   WILLIAM C. MORISON (No. 99981)
    MARC J. DEREWETZKY (No. 130944)
2   MORISON ANSA HOLDEN ASSUNCAO &
      PROUGH, LLP
3   500 Ygnacio Valley Road, Suite 450
    Walnut Creek, CA  94596-8068
4   Telephone:  (925) 937-9990
    Facsimile:  (925) 937-3272

5

6   Attorneys for Defendant
    UNITED STATES FIDELITY &
    GUARANTY COMPANY

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   HOME DEPOT U.S.A., INC., | No. |
| 12           Plaintiff, | DEFENDANT UNITED STATES |
| 13       vs. | FIDELITY & GUARANTY COMPANY'S NOTICE OF REMOVAL |
| 14   UNITED STATES FIDELITY and | |
| 15   GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY, and DOES 1 | 28 U.S.C. § 1441(b) |
| 16   through 10, inclusive, | |
| 17          Defendants. | |

18

19       Defendant United States Fidelity & Guaranty Company ("USF&G"), doing business as

20   itself through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, timely

21   files this notice to remove this action to this Court from the Superior Court of Alameda County,

22   State of California.  In support of this removal, USF&G pleads the following:

23         1.     Plaintiff Home Depot, U.S.A., Inc. is a corporation incorporated under the laws of

24   the State of Delaware, with its principal place of business in the State of Georgia.

25         2.     Defendant USF&G is a corporation incorporated under the laws of the State of

26   Maryland, with its principal place of business in the State of Minnesota.

27         3.     Defendant The Travelers Insurance Company is a corporation incorporated under

28   the laws of the State of Connecticut, with its principal place of business in the State of New York.

1      4.      Plaintiff instituted this action by filing its complaint entitled <u>Home Depot U.S.A.,</u>

2  <u>Inc. v. United States Fidelity and Guaranty Company, et al.</u>, Alameda County Superior Court case

3  number RG07359448 on December 4, 2007.  See Exhibit A.  The complaint seeks damages for

4  breach of contract and breach of the implied covenant of good faith and fair dealing against

5  defendants.  The complaint contains a prayer for unspecified "general and compensatory

6  damages" and does not indicate whether the amount in controversy exceeds $75,000, exclusive of

7  interest and costs.  See Exhibit A at p. 5.

8      5.      On May 9, 2008, plaintiff served verified responses to specially prepared

9  interrogatories in which plaintiff asserts that it is seeking damages of at least $488,629.24.  See

10  Response to Interrogatory No. 6, Exhibit B.  This interrogatory response is the first time plaintiff

11  has indicated in a pleading in this action that the amount in controversy exceeds $75,000,

12  exclusive of interest and costs

13      6.      Pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court has original jurisdiction

14  over this action because the action is between citizens of different states and the amount in

15  controversy exceeds $75,000, exclusive of interest and costs.

16      7.      Plaintiff served the complaint on or about January 10, 2008.  But it was not until

17  USF&G received plaintiff's interrogatory response on or about May 9, 2008 that USF&G had

18  sufficient information from which to determine that that the amount in controversy exceeded

19  $75,000.  Therefore, this Notice of Removal is timely filed with the Court under 28 U.S.C. §

20  1446(b).

21      8.      True and correct copies of all process, pleadings, and orders from the State Court

22  action served on USF&G are attached hereto as Exhibit C.  USF&G's answer, filed in State Court

23  on August 23, 2007, is attached hereto as Exhibit D.

24      9.      USF&G will promptly file a removal notice, together with a copy of the instant

25  Notice of Removal, with the Clerk of the Superior Court of Alameda County, State of California,

26  and will serve written notice of the same on counsel of record for plaintiff.  Defendant The

27  Travelers Insurance Company has not appeared in this action.

28      WHEREFORE, for the foregoing reasons, USF&G effects removal of this case to this

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

- 2 -

NOTICE OF REMOVAL

1   Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  USF&G, by its undersigned counsel and

2   pursuant to 28 U.S.C. § 1446(d), hereby gives notice that it is removing this action from the

3   Superior Court of Alameda County, State of California, to the United States District Court for the

4   Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

5   Dated:  May 29, 2007                          Respectfully submitted,

6                                                 MORISON ANSA HOLDEN ASSUNCAO &
                                                  PROUGH, LLP
7

8                                                 By: _____

9                                                     Marc J. Derewetzky

10                                                Attorneys for Defendant UNITED STATES
                                                  FIDELITY AND GUARANTY COMPANY
11

12

13   129625

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOSHUA S. GOODMAN - State Bar #116576
   TOM PROUNTZOS - State Bar #209409
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California  94104
   Telephone:  (415) 705-0400
4  Facsimile:  (415) 705-0411

5  Attorneys for Plaintiff
   HOME DEPOT U.S.A., INC.

6

7

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE CITY AND COUNTY OF ALAMEDA

10

11  HOME DEPOT U.S.A., INC.,

12                        Plaintiff,            Case No. RG07359448

13  vs.                                         COMPLAINT OF HOME DEPOT
                                                U.S.A.
14  UNITED STATES FIDELITY and
    GUARANTY COMPANY,
15  TRAVELERS INSURANCE
    COMPANY, and DOES 1 through 10,
16  inclusive,

17                        Defendants.

18                                              BY FAX

19         COMES NOW Plaintiff HOME DEPOT U.S.A., INC. and complains against the

20  above-named defendants, and each of them, as follows:

21                        GENERAL ALLEGATIONS

22         1.    At all times relevant to this action Plaintiff HOME DEPOT U.S.A., INC.

23  ("HOME DEPOT") was authorized to do and was doing business in the State of

24  California.

25         2.    At all times relevant to this action Defendant UNITED STATES FIDELITY

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

ENDORSED
FILED
ALAMEDA COUNTY

DEC 0 4 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

1   and GUARANTY COMPANY ("USF&G") was authorized to do and was doing business

2   in the State of California.

3       3.    At all times relevant to this action Defendant TRAVELERS INSURANCE

4   COMPANY ("TRAVELERS") was authorized to do and was doing business in the State

5   of California.

6       4.    HOME DEPOT is informed and believes, and thereon alleges that each of the

7   defendants are, and were at all times relevant to this action, the agents, and/or employees

8   of each of the remaining defendants, and were, at all times relevant to this action, acting

9   within the course and scope of said agency and/or employment, with the permission and

10  consent of the other defendants.

11      5.    The true names and capacities, whether individual, corporate, associate or

12  otherwise, of defendants Doe 1 through Doe 10, inclusive, are unknown to HOME

13  DEPOT, who therefore sues said defendants by said fictitious names. HOME DEPOT is

14  informed and believes, and based on that information and belief, alleges that each of the

15  defendants sued herein under a fictitious name is responsible in some manner for the

16  events and occurrences referred to herein. When the true names, capacities and

17  involvements of said defendants are ascertained, HOME DEPOT will seek leave to amend

18  its complaint accordingly.

19                                   **UNDERLYING LITIGATION**

20      6.    On or about July 15, 2005, Sara Lewinstein filed a Complaint against, among

21  others, HOME DEPOT in Alameda Superior Court, Action No. RG05222929 (the

22  "Underlying Action"). This Complaint is attached hereto as Exhibit A and incorporated

23  herein solely for purposes of stating the allegations against HOME DEPOT. In the

24  Underlying Action Ms. Lewinstein alleged, among other things, that she was injured as a

25  result of a poorly maintained flatbed cart in HOME DEPOT's store located at 3999 Hollis

26  Street in Emeryville, California on September 23, 2003.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

COMPLAINT OF HOME DEPOT U.S.A., INC.

1    7.    HOME DEPOT is informed and therefore alleges that all the carts at the

2  subject HOME DEPOT store, including the one that allegedly caused Ms. Lewinstein's

3  injury, were supposed to be maintained and serviced by GlideRite Corporation pursuant to

4  a Maintenance Contractor Agreement, attached hereto as Exhibit B.  Pursuant to paragraph

5  7.0 of this Agreement, GlideRite was contractually obligated to defend and indemnify

6  HOME DEPOT in connection with actions such as and including the Underlying Action.

7  Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have

8  HOME DEPOT named as an additional insured on policies of general liability insurance to

9  protect HOME DEPOT in connection with actions such as and including the Underlying

10  Action.

11    8.    HOME DEPOT is informed and believes and on that basis alleges that

12  GlideRite Corporation did have HOME DEPOT named as an additional insured on policies

13  of insurance issued by defendants, and each of them.

14    9.    On September 13, 2006 HOME DEPOT tendered the defense of the

15  Underlying Action to GlideRite and to defendants, and each of them, under both the

16  contractual indemnity and as an additional insured under defendants' policies of insurance.

17  Despite repeated oral and written requests for a response, defendants never provided a

18  response to this tender of defense.  At a mediation held on December 4, 2006 HOME

19  DEPT settled the Underlying Action and entered into a written settlement agreement and

20  paid the settlement funds sometime thereafter.

### FIRST CAUSE OF ACTION
#### (Breach of Contract)

22    10.    HOME DEPOT incorporates by reference, as though fully set forth herein,

23  the above paragraphs.

24    11.    HOME DEPOT is informed and believes that it is an additional insured

25  under a commercial general liability policy of insurance issued by defendants.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-9400

-3-

10572015.tif - 12/4/2007 2:28:18 PM

1    12.    Under the terms of their policies, defendants owed a duty to defend and

2    indemnify HOME DEPOT with respect to covered claims such as and including the

3    Underlying Aciton.

4    13.    HOME DEPOT repeatedly tendered its defense of the Underlying Action to

5    defendants and despite this and in breach of their contractual obligations, defendants failed

6    to defend or indemnify HOME DEPOT or to provide any meaningful response to this

7    tender of defense.

8    14.    HOME DEPOT has performed all of its obligations under defendants'

9    policies of insurance, except for those obligations which because of the breach by the

10   defendants, HOME DEPOT has been excused or prevented from performing.

11   15.    As a result of the defendants' breach of their contractual obligation to defend

12   and indemnify HOME DEPOT, HOME DEPOT has been deprived of policy benefits and

13   has been required to expend sums for attorneys' fees and costs in connection with the

14   defense and settlement of the Underlying Action.

15                          **SECOND CAUSE OF ACTION**

16          **(Bad Faith Breach of the Covenant of Good Faith and Fair Dealing)**

17   16.    HOME DEPOT hereby incorporates as though fully set forth all the

     allegations contained in the above paragraphs.

18
     17.    HOME DEPOT repeatedly tendered its defense of the Underlying Action to
19
     defendants.
20
     18.    Despite the fact that the Underlying Action, including the Complaint therein
21
     and extrinsic evidence known to or available to defendants, created a potential for
22
     indemnity under the defendants' policies of insurance, defendants unreasonably failed and
23
     refused to defend or indemnify HOME DEPOT  or to communicate its coverage position
24
     to HOME DEPOT.
25
     19.    HOME DEPOT is informed and believes and on that basis alleges that
26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

COMPLAINT OF HOME DEPOT U.S.A., INC.

defendants failed and refused to:

      a.    Conduct a prompt, full and complete investigation of the Underlying Action;

      b.    Defend HOME DEPOT in the Underlying Action;

      c.    Indemnify HOME DEPOT in connection with the Underlying Action;

      d.    Conduct any investigation despite repeatedly being requested by HOME DEPOT for a response to the tender or defense and after repeatedly being advised of mediation and trial dates in the Underlying Action; and

      e.    Promptly respond to communications from HOME DEPOT.

    20.    As a result of the defendants' bad faith breach of the covenant of good faith and fair dealing, HOME DEPOT has been deprived of policy benefits and has been required to expend sums for attorneys' fees and costs in connection with the defense and settlement of the Underlying Action.

    WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

    1.    For a declaration of the rights and obligations of the parties;

    2.    For damages according to proof for breach of contract, including costs of defense incurred by HOME DEPOT in the defense of the Underlying Action and the amounts paid in settlement of the Underlying Action;

    3.    For general and compensatory damages;

    4.    For attorneys fees incurred in bringing this action and in obtaining policy benefits;

    5.    For policy benefits under the insuring contract;

    6.    For pre-judgment interest in an amount to be provided at time of trial;

    7.    For costs of suit herein; and

Jenkins Goodman
Neomas & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

COMPLAINT OF HOME DEPOT U.S.A., INC.



8.    For such other and further relief as the court may deem just and proper.

DATED:  December 4, 2007              JENKINS GOODMAN NEUMAN
                                      & HAMILTON LLP

                                      By:
                                          JOSHUA S. GOODMAN
                                          Attorneys for Plaintiff HOME DEPOT
                                          U.S.A., INC.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

COMPLAINT OF HOME DEPOT U.S.A., INC.

10572015.tif - 12/4/2007 2:28:18 PM

# EXHIBIT "A"

12/04/07  14:24 FAX 4157050t          JENKINS GOODMAN & NEUMAN                    ☐014

09/08/2005 18:12   415.  3015              WINSLOW & HUR. ISE              PAGE  05
                                                                         982 1(1).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gregory F. Winslow                              100495.<br>Winslow & Hurtubise<br>230 Noe Street<br>San Francisco      CA  94114<br>TELEPHONE NO: 415-621-2131   FAX NO. (Optional): 415-553-8015<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Sara Lewinstein | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>JUL 1 5 2005<br><br>CLERK OF THE SUPERIOR COURT<br>By Malka Begum, Deputy |

| NAME OF COURT: Superior Court of California. |
| STREET ADDRESS: County of Alameda |
| MAILING ADDRESS: 1225 Fallon Street |
| CITY AND ZIP CODE: Oakland, CA 94612 |
| BRANCH NAME: |

PLAINTIFF: Sara Lewinstein

DEFENDANT: Home Depot USA, Inc., Tom K. Lee and Lee
             Construction Builders Company

☒  DOES 1 TO   75

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death |
|---|
| ☐ AMENDED (Number): |
| Type (check all that apply):<br>☐ MOTOR VEHICLE   ☐ OTHER (specify):<br>     ☐ Property Damage    ☐ Wrongful Death<br>     ☒ Personal Injury    ☐ Other Damages (specify): |

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded  ☐ does not exceed $10,000<br>                    ☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>     ☐ from limited to unlimited<br>     ☐ from unlimited to limited | RG 05222929 |

1. PLAINTIFF (name): Sara Lewinstein

   alleges causes of action against DEFENDANT (name): Home Depot USA, Inc., Tom Lee,
   Construction Builders Company and Does 1-75
2. This pleading, including attachments and exhibits, consists of the following number of pages:   7
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
           (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
           (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>982.1(1) [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Page 1 of 3<br>Code of Civil Procedure, § 425.12 |

10572015.tif - 12/4/2005 2:26:18 PM

09/08/2005  10:12   415. 3815                                 WINSLOW & HUR...ISE                    PAGE 05

| SHORT TITLE: Lewinstein v. Home Depot, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Home Depot          c. ☐ except defendant (name):
      U.S.A., Inc.
      (1) ☐ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                                (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):         (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                  (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                             (5) ☐ other (specify):


   b. ☒ except defendant (name): Lea Construction    d. ☐ except defendant (name):
      Builders Company
      (1) ☒ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):         (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                  (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                             (5) ☐ other (specify):


   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.
6. The true names and capacities of defendants sued as Does are unknown to plaintiff.
7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because (specify):


82-1(1) [Rev. July 1, 2003]        COMPLAINT—Personal Injury, Property Damage, Wrongful Death        ☐EB        Page 2 of 3
11605242.tif - 9/8/2005 10:22:08 AM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lewinstein v. Home Depot, et-al. | |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage (specify):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint—Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   b. The amount of damages is (you must check (1) in cases for personal injury or wrongful death):
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
5, 11, First Cause of Action, Prem. L-1 (paragraphs 1 through 8),
Prem. L-2, Prem. L-5, Second Cause of Action, GN-1 (paragraphs 1
through 4), Third Cause of Action, Prod. 1-2, Prod. L-3, Prod. L-4
(a-c), Prod. L-5

Date: July 15, 2005

Gregory F. Winslow, Esq.
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(0) (Rev. July 1, 2003)      COMPLAINT—Personal Injury, Property Damage, Wrongful Death      ☑EB      Page 3 of 3

10572015.tif - 9/8/2005 10:22:08 AM

09/08/2005  10:12    415   8015              WINSLOW & HUR. ISE                  PAGE  08

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lewinstein v. Home Depot, et al. | |

_____First_____    CAUSE OF ACTION—Premises Liability          Page   4
 (number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Sara Lewinstein
 alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
 On *(date):* September 23, 2003      plaintiff was injured on the following premises in the following

 fashion *(description of premises and circumstances of injury):*
 **Please see Attachment Prem. L-1, attached hereto and incorporated**
 **herein by this reference.**

Prem.L-2.   ☐ Count One—Negligence The defendants who negligently owned, maintained, managed and operated
 the described premises were *(names):* Home Depot U.S.A., Inc.

   ☒ Does   __1__ to __25__

Prem.L-3.   ☐ Count Two—Willful Failure to Warn [Civil Code section 846] The defendant owners who willfully or
 maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
 *(names):*

   ☐ Does _____ to _____
   Plaintiff, a recreational user, was   ☐ an invited guest   ☐ a paying guest.

Prem.L-4.   ☐ Count Three—Dangerous Condition of Public Property The defendants who owned public property
 on which a dangerous condition existed were *(names):*

     ☐ Does _____ to _____
    a. ☐ The defendant public entity had   ☐ actual ☐ constructive notice of the existence of the
       dangerous condition in sufficient time prior to the injury to have corrected it.
    b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☒ Allegations about Other Defendants The defendants who were the agents and employees of the
 other defendants and acted within the scope of the agency were *(names):*

     ☒ Does   __1__ to __25__
    b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
       ☐ described in attachment Prem.L-5.b   ☐ as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
Effective January 1, 1982
11982252.tif  9/8/2005 10:22:08 AM
                              CAUSE OF ACTION—Premises Liability        **CEB**       CCP 425.12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lewinstein v. Home Depot, et al. | |

_____Second_____          **CAUSE OF ACTION**—General Negligence          Page ___5___
_(number)_

ATTACHMENT TO  ☒ Complaint   ☐ Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

GN-1. Plaintiff (name): Sara Lewinstein

alleges that defendant (name): Tom K Lee, Lee Construction Builders Company

☒ Does ___26___ to ___50___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on (date): September 23, 2003
at (place): Home Depot, 3990 Hollis Street, Emeryville, CA 94608

_(description of reasons for liability):_
1.  Plaintiff incorporates herein by this reference, as though set forth fully, Section Prem. L-1, paragraphs 1, 2, 3 and 4, inclusive, above.
2.  Defendants Lee, Lee Construction Builders Company and Does 26-50 were agents and employees of each other and acted within the scope of the agency at all times relevant.
3.  Tom K. Lee ("Lee") and Does 26-50 knew or, in the exercise of due care, should have known, that the handcart supplied by Home Depot would fail if it were overloaded with too much weight or otherwise misused.
4.  Lee and Does 26-50 over loaded the handcart with too much weight and thereby caused it to fail.

**CAUSE OF ACTION**—General Negligence          Ⓒ**EB**          CCP 428.12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lewinstein v. Home Depot, et al. | |

___Third___    CAUSE OF ACTION—Products Liability    Page  6
(number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Sara Lewinstein

Prod.L-1. On or about *(date):* September 23, 2003    plaintiff was injured by the following product:
A flatbed hand cart.

Prod.L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury
was being
☒ used in the manner intended by the defendants.
☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod.L-3.  Plaintiff was a
☐ purchaser of the product.    ☐ user of the product.
☒ bystander to the use of the product.    ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod.L-4.  ☒ Count One—Strict liability of the following defendants who
a. ☒ manufactured or assembled the product *(names):*

☒ Does ___51___ to ___75___

b. ☒ designed and manufactured component parts supplied to the manufacturer *(names):*

☒ Does ___51___ to ___75___

c. ☒ sold the product to the public *(names):*

☒ Does ___51___ to ___75___

Prod.L-5.  ☒ Count Two—Negligence of the following defendants who owed a duty to plaintiff *(names):*

☒ Does ___51___ to ___75___

Prod.L-6.  ☐ Count Three—Breach of warranty by the following defendants *(names):*

☐ Does _____ to _____

a. ☐ who breached an implied warranty.
b. ☐ who breached an express warranty which was
☐ written    ☐ oral

Prod.L-7.  ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment—Prod.L-7  ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
(Effective January 1, 1982
Rule 982.9(c))
1160032/12.tif - 9/8/2005 10:22:06 AM

CAUSE OF ACTION—Products Liability

☐EB

12/04/07   14:25 FAX 415705      JENKINS GOODMAN & NEUMAN                    @020

09/08/2005   10:12   4155   3015              WINSLOW & HUR...ISE           PAGE  11

## ATTACHMENT PREM. L-1

Page ___7___

1. On or about September 23, 2003, plaintiff, Sara Lewinstein, was injured while shopping at the Home Depot Store at 3990 Hollis Street in Emeryville, California.

2. The store is owed and operated by Home Depot U.S.A., Inc. (hereinafter, "Home Depot") and Does 1 to 25.

3. The plaintiff was injured when a flatbed handcart used by defendant Tom K. Lee (hereinafter, "Lee") failed and its right-rear wheel fell off. The loss of the wheel caused the cart to tilt and spill its load of building materials onto Ms. Lewinstein and caused the injuries alleged herein.

4. The handcart was owned by Home Depot and Does 1 to 25 and supplied to customers such as Lee for their convenience while shopping.

5. Said premises was dangerous because it exposed the plaintiff to an unreasonable risk of harm from a broken, poorly maintained or otherwise unsuitable hand cart.

6. Home Depot and Does 1 to 25 knew, or in the exercise of due care, should have known that the hand cart was unsuitable for use in that it posed an unreasonable risk of failing and thereby injuring shoppers.

7. Home Depot and Does 1 to 25 failed to maintain, inspect, repair, assemble and manage the premises, including the handcart, in a reasonably safe condition and failed to remove the unsuitable cart from public use.

8. Home Depot and Does 1 to 25 failed to adequately warn or otherwise instruct customers on the proper use and operation of the handcart.

## ATTACHMENT PREM. L-1

# EXHIBIT "B"



# COPY

## MAINTENANCE CONTRACTOR AGREEMENT

THIS INDEPENDENT CONTRACTOR AGREEMENT (this "Agreement") is entered into this 27th day of January, 2003 ("Effective Date") by HOME DEPOT U.S.A., INC., a Delaware corporation ("Home Depot") and GLIDE RITE, a *California* corporation ("Contractor"). The Parties agree as follows:

**1.0  Scope of Services.** Contractor will provide the specific services as requested by Home Depot ("Services"). Exhibit A or the attached Schedule A (as applicable) will identify the tasks to be performed, deliverables Home Depot will receive from Contractor, schedule, fees and expenses for the Services.

**2.0  Compliance.** Whenever present on Home Depot's premises, Contractor will comply with all Home Depot policies and procedures governing on-site work, including Home Depot's safety and security, and data protection, policies and procedures, and all reasonable instructions and directions issued by Home Depot. At Home Depot's request and expense, Contractor will attend one or more Home Depot training sessions with respect to Home Depot's on-site rules of behavior, work schedule, security procedures and such other Home Depot policies and procedures as Home Depot may deem applicable.

**3.0  Term and Termination.**

**3.1  Term.** The Agreement will commence on the Effective Date and shall terminate as provided below.

**3.2  Termination.**

(a)  Either party may terminate this Agreement: (a) for material failure by the other party to comply with the terms of this Agreement (provided such breach is not cured within thirty (30) days after written notice of the breach is received from the other party); (b) immediately in the event the other party seeks the protection of any bankruptcy court, becomes insolvent, or makes an assignment for the benefit of creditors; or (c) in the event a Force Majeure (as defined in Section 18 below) suffered by one party causes any delay in or interference with the performance of such party under this Agreement, and such delay or interference continues for more than thirty (30) days, with such termination effective upon written notice of termination to the non-performing party.

(b)  Home Depot may terminate this Agreement for convenience, upon fourteen (14) days prior written notice to Contractor.

(c)  Unless otherwise expressly specified by Home Depot, following delivery of Home Depot's notice of termination of this Agreement, Contractor will complete any outstanding tasks initiated prior to receiving notice of termination.

**3.3  Effect of Termination.** Upon termination of this Agreement, subject to Section 3(b)(iii), Contractor will promptly invoice Home Depot for fees and expenses related to Services completed in accordance with this Agreement prior to the effective date of termination.

Home Depot will pay such invoice within thirty (30) days of receipt, and will have no further payment obligations with regard to this Agreement.

### 4.0 Payment.

**4.1 Fees and Expenses.** The Home Depot will pay Contractor the fees for Services as described on Exhibit A. Unless otherwise specified in Exhibit A or approved in writing in advance by Home Depot, (i) actual fees will not exceed the amount specified on Exhibit A; and (ii) Contractor is responsible for the payment of all expenses related to the Services (e.g., computer, telephone, photocopying, postage), and will not be reimbursed for such expenses by Home Depot, except that Home Depot will reimburse Contractor for Contractor's pre-approved (in writing) travel expenses. Home Depot will not be required to pay for any time spent by Contractor traveling, training or familiarizing itself with any software or systems required to perform the Services.

**4.2 Invoices and Payment.** Contractor will submit detailed invoices for fees and expenses to Home Depot on a monthly basis during the Term, and will provide appropriate supporting documentation reasonably requested by Home Depot. Home Depot will not be required to pay any invoice delivered more than one hundred and twenty (120) days after the charges, fees and/or expenses were incurred by Home Depot. Unless otherwise specified in Exhibit A, all undisputed payments will be due forty-five (45) days after Home Depot's receipt of Contractor's invoice therefore.

**4.3 Taxes.** Home Depot will pay any federal, state and local sales or use tax imposed on or arising out of the delivery of Services, except taxes based on Contractor's income. If Home Depot should pay any tax to Contractor and it is later held that such tax was not due, Contractor will promptly refund the amount thereof to Home Depot together with interest on such refunded amount.

**4.4 Review of Records.** Contractor will maintain accurate books and records associated with the Services, including without limitation, timesheets, work specifications, invoices, and receipts. Such records will be maintained for a period of three (3) years following completion of the Services to which they relate. All such records will be available for review by Home Depot or its representatives during Contractor's normal business hours, upon ten (10) days' notice from Home Depot. Such reviews will be conducted at mutually-convenient times, in a manner that does not materially disrupt Contractor's business operations. Home Depot will keep information disclosed in the course of such review confidential, as provided in the "Confidential Information" section of this Agreement. If, as a result of such audit, Home Depot determines that Contractor has overcharged Home Depot, it will notify Contractor of the amount of such overcharge and Contractor will promptly pay to Home Depot the amount of the overcharge, plus interest calculated at rate of one and one-half percent (1.5%) per month from the date of receipt by Contractor of the overcharged amount until the date of payment to Home Depot.

2

## 5.0   Confidential Information.

**5.1**    From time to time, either party (the "Disclosing Party") may disclose or make available to the other party (the "Receiving Party"), whether orally or in physical form, confidential or proprietary information concerning the disclosing party and/or its business, products or services (together, "Confidential Information") in connection with this Agreement. Each party agrees that during the term of this Agreement and thereafter (i) it will use Confidential Information belonging to the Disclosing Party solely for the purpose(s) of this Agreement and (ii) it will take all reasonable precautions to ensure that it does not disclose Confidential Information belonging to the Disclosing Party to any third party (other than the Receiving Party's employees and/or professional advisors on a need-to-know basis who are bound by obligations of nondisclosure and limited use at least as stringent as those contained herein) without first obtaining the Disclosing Party's written consent. The Receiving Party is responsible for any breach of the confidentiality provisions of this Agreement by its employees and/or professional advisors. Upon request by the Disclosing Party, the Receiving Party will return all copies of any Confidential Information to the Disclosing Party. For Confidential Information that does not constitute "trade secrets" under applicable law, these confidentiality obligations will expire three (3) years after the termination or expiration of this Agreement.

**5.2**    For purposes hereof, "Confidential Information" will not include any information that the Receiving Party can establish by convincing written evidence (i) was independently developed by the Receiving Party without use of or reference to any Confidential Information belonging to the Disclosing Party; (ii) was acquired by the Receiving Party from a third party having the legal right to furnish same to the Receiving Party; or (c) was at the time in question (whether at disclosure or thereafter) generally known by or available to the public (through no fault of the Receiving Party). Work Product is deemed to be Home Depot's Confidential Information.

**5.3**    These confidentiality obligations will not restrict any disclosure required by order of a court or any government agency, provided that the Receiving Party gives prompt notice to the Disclosing Party of any such order and reasonably cooperates with the Disclosing Party at the Disclosing Party's request and expense to resist such order or to obtain a protective order.

## 6.0   Representations and Warranties.

Contractor represents and warrants that: (a) Contractor is financially solvent and has the ability to perform its obligations hereunder; (b) Contractor has not entered into and will not enter into any other agreement that conflicts with this Agreement or limits Contractor's ability to perform the Services; (c) all Services will be performed in accordance with applicable laws and regulations, and Contractor will timely obtain all permits required to perform the Services; (e) the Services and Work Product will meet the specifications listed in Exhibit A, if applicable; (f) the Services will be provided by Contractor's personnel having the appropriate level skills and training; and (g) Contractor will perform all Services on time and in a professional and workmanlike manner.

3

7.0    Indemnification.

To the maximum extent allowed by law, Contractor (the "Indemnitor") will indemnify and hold harmless Home Depot and its directors, officers, employees, and agents (the "Indemnitees"), from and against any and all claims, losses, damages, suits, fees, judgments, costs and expenses (collectively referred to as "Claims"), including attorneys' fees incurred in responding to such Claims, that the Indemnitees may suffer or incur arising out of or in connection with (a) the Indemnitor's negligence, willful misconduct, or breach of any representation, warranty, or other obligation under this Agreement; (b) any personal injury (including death) or damage to property resulting from the Indemnitor's or its agents' acts or omissions. The Indemnitees will give prompt notice of any Claim to the Indemnitor, and the Indemnitor will defend the Indemnitees at the Indemnitees' request.

8.0    Insurance.

During the term of this Agreement, Contractor agrees to maintain the following insurance coverage:

   i)    Worker's Compensation Insurance to the full extent required by the laws of the states in which the maintenance services are being performed; and

   ii)   Employers Liability Insurance with limits of not less than $1,000,000 per employee per accident

   iii)  Commercial General Liability Insurance (including Automobile Insurance), on an occurrence basis naming Home Depot an additional insured, with a combined single limit of liability for personal injury and property damage of not less than $3,000,000 per each occurrence and in the aggregate for injury or death for any number of persons, and of not less than $1,000,000 per each occurrence and in the aggregate for property damage.

Upon the execution of this Agreement, Contractor shall provide Customer with proof of the insurance coverage required hereunder. All such insurance shall be endorsed to provide Customer with at least 30 days written notice in the event of any proposed cancellation or modification.

All employees of Contractor who are providing the Services shall be bonded. Upon execution of this Agreement, Contractor shall furnish Customer with a certificate of commercial Blanket Bond indemnifying the Customer against any injury, loss or damage caused by Contractor's employees up to a maximum of $50,000 per occurrence.

All insurance must be placed with insurers having a Best's rating of "A 10" or better.

It is agreed that the Contractor shall provide an Owners and Contractors Protective Liability Policy in lieu of the additional insured requirement. This Policy will show Customer as named insured and will remain in effect until the work is completed and accepted. Limits will be in accordance with the insurance requirements.

4

### 9.0   Independent Contractor.

The status of Contractor will be that of independent contractor, and Contractor and its employees will not be deemed employees or agents of Home Depot. None of the terms set forth in this Agreement will be construed as creating a partnership, joint venture, agency, master-servant, employment, trust, or any other relationship between Home Depot and Contractor or any of their employees. Contractor and its employees are not eligible for, nor may they participate in, any employee benefit plans of Home Depot. Contractor is solely responsible for paying any and all taxes (including social security and income) required by law pertaining to its employees or fees received under this Agreement. Contractor will indemnify, defend, and hold Home Depot, its directors, officers, employees and agents harmless against any claim or liability (including penalties) resulting from Contractor's failure to pay such taxes or contributions, or Contractor's failure to file any such tax forms. This engagement is nonexclusive and nothing in this Agreement will in any way restrict the Home Depot's right to engage others to render the same or similar services.

### 10.0   Subcontracting and Assignment.

Contractor may not, without the prior written consent of Home Depot: (i) subcontract any of the Services provided to Home Depot under this Agreement, or (ii) assign any of its rights or delegate any of its duties pursuant to this Agreement. Any attempted assignment without Home Depot's consent will be void.

### 11.0   Use of Name and Publicity.

Neither party will use the name, logo, trademark, trade name, or other marks of the other party without such party's prior written consent.

### 12.0   Notices.

Unless otherwise required under this Agreement, notices permitted or required to be given will be deemed sufficient if given by telefax, mail, or courier service, addressed to the individual specified below, or to such other individuals as the respective parties may designate by notice from time to time. Notices so given will be effective upon receipt by the party to which the notice is given.

If to Home Depot:
2455 Paces Ferry Road, C3
Atlanta, GA  30339
Attn: Robert Blake-Ward
Phone: 770-384-5163
Telefax: 770-384-4954

If to Contractor:
Glide R.Te CORP.
25510 as Robbin Stofard 905 Smith Charlotte Ch. 91355
Attn: STEPHEN PARNELL
Phone: 661 294-0080
Telefax: 661 294-0971

5

### 13.0   Changes and Modifications.

The terms and conditions of this Agreement may not be amended, waived or modified, except in a writing signed by both parties.

### 14.0   Severability.

In the event that any provision of this Agreement is held invalid or unenforceable in any circumstances by a court of competent jurisdiction, the remainder of this Agreement, and the application of such provision in any other circumstances, will not be affected thereby.

### 15.0   Governing Law.

This Agreement will be governed by and construed and enforced in accordance with the laws of the State of Georgia.  Courts in the State of Georgia have exclusive jurisdiction over any disputes under or relating to this Agreement.

### 16.0   Dispute Resolution.

Contractor and Home Depot agree that as a condition precedent to the institution of any action regarding disputes arising under or in connection with this Agreement, all such disputes shall first be submitted to mediation before a professional mediator selected by the parties.  Such mediation shall be conducted at a mutually agreed time and place, shall not be less than one day in length, and the costs and expenses of the mediation, including but not limited to the mediator's fees, shall be split equally between the parties.  Only upon the unsuccessful completion of such mediation shall either party have the right to pursue further resolution of the then remaining (unsuccessfully mediated) disputes.

### 17.0   Cooperation With Other Contractors.

Contractor will cooperate with other contractors and consultants working on projects for Home Depot as may reasonably be required in order to execute efficiently projects for Home Depot.

### 18.0   Negotiated Terms.

The language, terms, conditions, and provisions of this Agreement are the result of negotiations between the parties and this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or its professional advisors participated in the preparation of this Agreement or based on a party's undertaking of an obligation under this Agreement.

**19.0    Exclusion of Damages, Remedies, and Waiver.**

NEITHER PARTY WILL BE LIABLE TO THE OTHER FOR INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL, OR PUNITIVE DAMAGES, EVEN IF SUCH DAMAGES WERE FORESEEABLE, PROVIDED THAT THIS EXCLUSION WILL NOT APPLY TO DAMAGES PAYABLE UNDER SECTION 7 IN THIS AGREEMENT OR CAUSED BY A PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.    THE REMEDIES SPECIFIED IN THIS AGREEMENT ARE CUMULATIVE AND IN ADDITION TO ANY REMEDIES AVAILABLE AT LAW OR IN EQUITY. WAIVER OF A BREACH OF ANY PROVISION OF THIS AGREEMENT DOES NOT CONSTITUTE A WAIVER OF ANY OTHER BREACH OF THE SAME PROVISION OR ANY OTHER PROVISION OF THIS AGREEMENT.

**20.0    Non-Solicitation.**

Contractor will not, directly or indirectly, during the Term of this Agreement and for period of twelve (12) months after the effective date of termination of this Agreement or the completion of the Services, recruit, or attempt to recruit, discuss employment with, or otherwise utilize the services in any capacity of any person who is or was an employee or contractor of Home Depot during the Term.

**21.0    Headings.**

The headings of sections of this Agreement are for convenience of reference only and will not affect the meaning or interpretation of this Agreement in any way.

**22.0    Survival.**

The sections of this Agreement that by their nature are intended to survive its expiration or termination will survive the expiration or termination of this Agreement.

**23.0    Counterparts.**

This Agreement may be executed in counterparts, all of which when taken together constitute a single agreement.

7

**24.0   Entire Agreement.**

This Agreement, including all Exhibits and any other documents referenced herein, constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes all other communications, including but not limited to all prior agreements, between the parties with respect to such subject matter.

**ACCEPTED AND AGREED:**

**HOME DEPOT U.S.A., INC.**

Signature: _____

Printed Name: Robert Blake Ward

Title: Maintenance Service Center Mgr

Date: 1/27/03

MSA100148

**GLIDE RITE**

Signature: _____

Printed Name: STEVEN FENNELL

Title: President

Date: February 3, 2003

8

Exhibit A

## SERVICES

*See attached Exhibit A*

## PRICES

9

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediat1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05.

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**22278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

## ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

*6055796*                                                                010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joshua S. Goodman, SBN #116576
Tom Prountzos, SBN #209409
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
  TELEPHONE NO.: (415) 705-0400  FAX NO.: (415)705-0411
**ATTORNEY FOR** *(Name):* Plaintiff HOME DEPOT U.S.A., INC.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: NORTHERN DIVISION

**CASE NAME:** HOME DEPOT v. UNITED STATES FIDELITY AND
GUARANTY COMPANY

F I L E D
ALAMEDA COUNTY

DEC 19 2007

CLERK OF THE SUPERIOR COURT
By _Tasha Persy_
                   Deputy

| AMENDED **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** RG07359448 |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount      (Amount | Filed with first appearance by defendant | JUDGE: |
| demanded    demanded is | *(Cal. Rules of Court, rule 3.402)* | |
| exceeds $25,000)  $25,000 or less) | | DEPT: |

AMENDED     *Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400-3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
**4.** Number of causes of action *(specify):*  2 (Breach of Contract and Bad Faith)
**5.** This case [ ] is  [X] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 7, 2007
Joshua S. Goodman, SBN #116576
    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rules.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 512

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays. The time will be determined by the Court in coordination with the parties.

- Case Management Conferences are held: Mondays through Thursdays at 8:30 a.m.

- Law and Motion matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m.

- Settlement Conferences are heard: Friday mornings. The time will be determined by the Court in coordination with the parties.

- Ex Parte matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m., as space is available.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept.512@alameda.courts.ca.gov  or
  Phone:      (510) 690-2721


- Ex Parte Matters
  Email:      Dept.512@alameda.courts.ca.gov  or
  Phone:      (510) 690-2721


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

Jenkins, Goodman Neuman & Hamilton
LLP
Attn: Goodman, Joshua S
417 Montgomery Street
Tenth Floor
San Francisco, CA   94104

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Home Depot U.S.A, Inc. | No. RG07359448 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| United States Fidelity and Guarant | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| **(Abbreviated Title)** | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 04/17/2008<br>Time: 08:30 AM | Department: 512<br>Location: **Hayward Hall of Justice**<br>**2nd Floor**<br>**24405 Amador Street, Hayward  CA  94544**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Barbara J. Miller**<br>Clerk: **Jean Linzmeier**<br>Clerk telephone: **(510) 690-2721**<br>E-mail:<br>Dept.512@alameda.courts.ca.gov<br>Fax:  **(510) 267-1529** |

### ORDERS

1.  You must:
    a.   Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.   Give notice of this conference to any party not included in this notice and file proof of service;
    c.   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.   File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.   Referring to ADR and setting an ADR completion date
    b.   Dismissing or severing claims or parties
    c.   Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2007.

By

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG07359448
Case Title:   Home Depot U.S.A, Inc. VS United States Fidelity and Guarant
Date of Filing: 12/04/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | Barbara J. Miller |
| **Department:** | 512 |
| **Address:** | Hayward Hall of Justice |
| | 24405 Amador Street |
| | Hayward  CA  94544 |
| **Phone Number:** | (510) 690-2721 |
| **Fax Number:** | (510) 267-1529 |
| **Email Address:** | Dept.512@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO

JUDGE Barbara J. Miller

DEPARTMENT 512

Page 1 of 3

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 512

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays. The time will be determined by the Court in coordination with the parties.

- Case Management Conferences are held: Mondays through Thursdays at 8:30 a.m.

- Law and Motion matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m.

- Settlement Conferences are heard: Friday mornings. The time will be determined by the Court in coordination with the parties.

- Ex Parte matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m., as space is available.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:    Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721

- Ex Parte Matters
  Email:    Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 512
- Phone: 1-866-223-2244

Dated: 12/19/2007

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2007

By _____

Deputy Clerk

# Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG07359448
Case Title:    Home Depot U.S.A, Inc. VS United States Fidelity and Guarant
Date of Filing: 12/04/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Barbara J. Miller |
| Department: | 512 |
| Address: | Hayward Hall of Justice |
|  | 24405 Amador Street |
|  | Hayward  CA  94544 |
| Phone Number: | (510) 690-2721 |
| Fax Number: | (510) 267-1529 |
| Email Address: | Dept.512@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Barbara J. Miller
DEPARTMENT 512

Page 1 of 3

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 512
- Phone: 1-866-223-2244

Dated: 12/19/2007                    Executive Officer / Clerk of the Superior Court

                                     By _____
                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2007

                                     By _____
                                                    Deputy Clerk

Page 3 of 3



US POSTAGE
$00.41⁰
N046J81002548
Mailed From 94104
00078965

neopost

LAW OFFICES OF

JENKINS GOODMAN NEUMAN & HAMILTON LLP

417 MONTGOMERY STREET, 10TH FLOOR

SAN FRANCISCO, CALIFORNIA 94104-1192



US POSTAGE

neopost

NO46J81002548
$01.990
01/08/2008
Mailed From   94104
010078966

First Class Mail
First Class Mail

LAW OFFICES OF
JENKINS GOODMAN NEUMAN & HAMILTON LLP

417 MONTGOMERY STREET, 10TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104-1191

Corporation Service Company dba
CSC - Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA  95852

















CORPORATION SERVICE COMPANY

SLM / ALL

# Notice of Service of Process

Transmittal Number: 5532912
Date Processed: 01/10/2008

**Primary Contact:**    Pamela Hoff
The Travelers Companies, Inc.
385 Washington Street,  MC 515A
Saint Paul, MN 55102

**Copy of transmittal only provided to:**    SOP Coordinator

| | |
|---|---|
| **Entity:** | United States Fidelity and Guaranty Company |
| | Entity ID Number  1656855 |
| **Entity Served:** | United States Fidelity and Guaranty Company |
| **Title of Action:** | Home Depot U.S.A., Inc. vs. United States Fidelity and Guaranty Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Alameda Superior Court, California |
| **Case Number:** | RG07359448 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/10/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Plaintiff's Attorney:** | Joshua S. Goodman |
| | 562-216-2952 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

LAW OFFICES OF

# JENKINS GOODMAN NEUMAN & HAMILTON LLP

REPLY TO → SAN FRANCISCO OFFICE
417 MONTGOMERY STREET, 10TH FLOOR
SAN FRANCISCO, CA 94104-1192
TEL (415) 705-0400  FAX (415) 705-0411

LOS ANGELES OFFICE
400 OCEANGATE, 7TH FLOOR
LONG BEACH, CA 90802-4306
TEL (562) 216-2952  FAX (562) 216-2953

E-MAIL ADDRESS          DIRECT PHONE
JGOODMAN@JGN.COM        (415) 705-0403

January 8, 2008

Corporation Service Company dba
CSC - Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA  95852

Re:   *Home Depot U.S.A., Inc. v. USF&G and Travelers*
      *ACSC Case No. RG07359448*

Dear CSC:

Enclosed are two copies of a Notice and Acknowledgment of Receipt—Civil along with one copy of the Summons and Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference Order, and Notice of Judicial Assignment for all purposes.

Please sign and return the Notice and Acknowledgment of Receipt—Civil in the envelope provided. If for any reason you are unable to return this Notice, please advise.

Thank you for your attention to this matter.

Very truly yours,

Joshua S. Goodman

Enclosures

JSG/ns

f:\docs\jsg\usf&g (lewinstein)\misc. correspondence\csc lawyers inc service.doc



# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 04, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| THE UNITED STATES FIDELITY AND GUARANTY COMPANY |

| **Number:** C0000590 | **Date Filed:** 11/18/1899 | **Status:** active |
|---|---|---|
| **Jurisdiction:** MARYLAND | | |

| Address |
|---|
| 111 SCHILLING ROAD |
| HUNT VALLEY, MD 21031 |

| Agent for Service of Process |
|---|
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| PO BOX 526036 |
| SACRAMENTO, CA 95852 |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua S. Goodman, SBN #116576<br>Tom Prountzos, SBN #209409<br>Jenkins Goodman Neuman & Hamilton LLP<br>417 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 705-0400   FAX NO. (Optional): (415) 705-0411<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff HOME DEPOT U.S.A. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: NORTHERN DIVISION

PLAINTIFF/PETITIONER: HOME DEPOT U.S.A, INC.

DEFENDANT/RESPONDENT: UNITED STATES FIDELITY and GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY and

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07359448 |
|---|---|

TO (insert name of party being served): <u>UNITED STATES FIDELITY and GUARANTY COMPANY</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 7, 2008

JOSHUA S. GOODMAN
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): Alternative Dispute Resolution Information Package,
   Civil Case Cover Sheet, notice of Case Management
   Conference Order, Notice of Judicial Assignment for All Purposes

**(To be completed by recipient):**
Date this form is signed:

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF.
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joshua S. Goodman, SBN #116576<br>Tom Prountzos, SBN #209409<br>Jenkins Goodman Neuman & Hamilton LLP<br>417 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>　TELEPHONE NO.: (415) 705-0400　FAX NO. *(Optional)*:　(415) 705-0411<br>E-MAIL ADDRESS *(Optional)*:<br>　ATTORNEY FOR *(Name)*: Plaintiff HOME DEPOT U.S.A. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
　STREET ADDRESS: 1225 Fallon Street
　MAILING ADDRESS:
　CITY AND ZIP CODE: Oakland, CA　94612
　BRANCH NAME: NORTHERN DIVISION

PLAINTIFF/PETITIONER: HOME DEPOT U.S.A, INC.

DEFENDANT/RESPONDENT: UNITED STATES FIDELITY and GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY and

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07359448 |
|---|---|

TO *(insert name of party being served)*: <u>UNITED STATES FIDELITY and GUARANTY COMPANY</u>

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 7, 2008

JOSHUA S. GOODMAN
　　(TYPE OR PRINT NAME)　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Alternative Dispute Resolution Information Package,
　　Civil Case Cover Sheet, notice of Case Management
　　Conference Order, Notice of Judicial Assignment for All Purposes

*(To be completed by recipient):*
Date this form is signed:

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
　ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |


Legal
Solutions
Plus

12/04/07  14:23 FAX 4157050411        JENKINS GOODMAN & NEUMAN                    ☐005

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED STATES FIDELITY and GUARANTY COMPANY,
TRAVELERS INSURANCE COMPANY, and DOES 1 through 10,
inclusive

10
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
HOME DEPOT U.S.A., INC.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

DEC 0 4 2007

CLERK OF THE SUPERIOR COURT
By Tashe Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER
(Número del Caso):
07357448

The name and address of the court is:
*(El nombre y dirección de la corte es):*
CALIFORNIA SUPERIOR COURT; ALAMEDA COUNTY
1225 Fallon Street

Oakland, CA  94612
NORTHERN DIVISION
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Joshua S. Goodman, SBN #116576          (415) 705-0400  (415) 705-0411
Tom Prountzos, SBN #209409
Jenkins Goodman Neuman & Hamilton LLP, 417 Montgomery Street, 10th Floor,
San Francisco, CA 94104
DATE:     DEC 0 4 2007     Pat S. Sweeten     Clerk, by                    Tashe Perry          , Deputy
*(Fecha)*                                    *(Secretario)*                                     *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

(SEAL)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

1  JOSHUA S. GOODMAN - State Bar #116576
   PAIGE P. YEH - State Bar #229197
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California  94104
   Telephone:  (415) 705-0400
4  Facsimile:  (415) 705-0411

5  Attorneys for Plaintiff
   HOME DEPOT U.S.A., INC.

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE CITY AND COUNTY OF ALAMEDA

10

11  HOME DEPOT U.S.A., INC.,

12                      Plaintiff,           Case No. RG07 359448

13  vs.                                      **RESPONSES OF PLAINTIFF HOME
                                             DEPOT U.S.A., INC. TO DEFENDANT
14  UNITED STATES FIDELITY and               UNITED STATES FIDELITY &
    GUARANTY COMPANY, et al.,                GUARANTY COMPANY'S SPECIAL
15                                           INTERROGATORIES, SET ONE
                        Defendants.
16

17  PROPOUNDING PARTY:    Defendant United States Fidelity & Guaranty Company

18  RESPONDING PARTY:        Plaintiff Home Depot U.S.A., Inc.

19  SPECIAL INTERROGATORY NO. 1:

20      EXPLAIN the basis for YOUR claim against defendant Travelers Insurance Company.

21  RESPONSE TO SPECIAL INTERROGATORY NO. 1:

22      On or about July 15, 2005, Sara Lewinstein filed a Complaint against, among others, HOME

23  DEPOT in Alameda Superior Court, Action No. RG05222929, wherein Ms. Lewinstein alleged,

24  among other things, that she was injured as a result of a poorly maintained flatbed cart in Home

25  Depot's store located at 3990 Hollis Street in Emeryville, California on September 23, 2003

26  ("Underlying Action").  Home Depot is informed and believes that all the carts at the subject

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

1  24, 2006 to Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference

2  and trial, and advised that Home Depot expects to be defended and indemnified in the Lewinstein

3  action.  In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is

4  once again identified as the Technical Specialist of Travelers and United States Fidelity and

5  Guaranty Company, to Mr. Goodman, Ms. Chase states the following:  "Thank you for your letter

6  of October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

7  [¶] We understand your tender is still pending.  We will respond as soon as possible."  In a letter

8  dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new dates for settlement

9  conference, trial and mediation.  Mr. Goodman stated the following:  "You have had more than

10 sufficient time to investigate and evaluate this case and make a coverage determination…Your

11 duty to defend Home Depot in this suit is clear, and we again request that you acknowledge that

12 obligation."  Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

13 renewed Home Depot's tender.  At a mediation held on December 4, 2006, Home Depot settled

14 the Underlying Action and entered into a written settlement agreement and paid the settlement

15 funds sometime thereafter.  Home Depot also paid attorneys' fees for the defense of the

16 Underlying Action.

17 SPECIAL INTERROGATORY NO. 2:

18     EXPLAIN the basis for YOUR claim against defendant USF&G.

19 RESPONSE TO SPECIAL INTERROGATORY NO. 2:

20     On or about July 15, 2005, Sara Lewinstein filed a Complaint against, among others, Home

21 Depot in Alameda Superior Court, Action No. RG05222929 ("Underlying Action"), wherein

22 Ms. Lewinstein alleged, among other things, that she was injured as a result of a poorly

23 maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in Emeryville,

24 California on September 23, 2003.  Home Depot is informed and believes that all the carts at the

25 subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's injury, were

26 supposed to be maintained and serviced by GlideRite Corporation pursuant to a Maintenance

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1  Contractor Agreement between Gliderite and Home Depot. Pursuant to paragraph 7.0 of this

2  Maintenance Contractor Agreement, GlideRite was contractually obligated to defend and

3  indemnify Home Depot in connection with actions such as and including the Underlying Action.

4  Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have Home

5  Depot named as an additional insured on policies of general liability insurance to protect Home

6  Depot in connection with actions such as and including the Underlying Action. Home Depot is

7  informed and believes that GlideRite Corporation did have Home Depot named as an additional

8  insured on its policies of insurance. Aram Bedros of Grosslight Insurance, Inc. produced the

9  ACORD Certificate of Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by

10 Lumbermens Mutual Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which

11 states the following: "Home Depot is named additional insured under general liability as respects

12 work performed under contract / *In the event cancellation for non-payment of premium, 10 days

13 cancellation notice will be given." On September 13, 2006, Home Depot tendered the defense of

14 the Underlying Action under both the contractual indemnity and as an additional insured under

15 defendants' policies of insurance directly to GlideRite and to Lumbermans Mutual Casualty

16 Insurance Company, care of Aram Bedros of Grosslight Insurance, Inc. Despite repeated oral and

17 written requests for a response, Home Depot was never provided with a response to its tender. In

18 a letter dated September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is

19 identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

20 Company, to Home Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are

21 aware, United States Fidelity and Guaranty Company is the general liability carrier for GlideRite

22 Corporation. [¶] This will serve to formally acknowledge your tender of defense to GlideRite

23 Corporation. We are investigating this matter as well as conferring with coverage counsel. We

24 will advise of our position regarding your tender as soon as possible." In a letter dated October

25 24, 2006 to Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference

26 and trial, and advised that Home Depot expects to be defended and indemnified in the Lewinstein

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

1   action. In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is

2   once again identified as the Technical Specialist of Travelers and United States Fidelity and

3   Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter

4   of October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

5   [¶] We understand your tender is still pending. We will respond as soon as possible." In a letter

6   dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new dates for settlement

7   conference, trial and mediation. Mr. Goodman stated the following: "You have had more than

8   sufficient time to investigate and evaluate this case and make a coverage determination...Your

9   duty to defend Home Depot in this suit is clear, and we again request that you acknowledge that

10  obligation." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

11  renewed Home Depot's tender. At a mediation held on December 4, 2006, Home Depot settled

12  the Underlying Action and entered into a written settlement agreement and paid the settlement

13  funds sometime thereafter. Home Depot also paid attorneys' fees for the defense of the

14  Underlying Action.

15  SPECIAL INTERROGATORY NO. 3:

16      STATE the amount YOU paid to settle the UNDERLYING ACTION.

17  RESPONSE TO SPECIAL INTERROGATORY NO. 3:

18      $387,500.00.

19  SPECIAL INTERROGATORY NO. 4:

20      STATE the amount YOU paid for attorneys fees and costs for YOUR defense of the

21  UNDERLYING ACTION.

22  RESPONSE TO SPECIAL INTERROGATORY NO. 4:

23      $101,129.24.

24  SPECIAL INTERROGATORY NO. 5:

25      Identify ALL parties to the UNDERLYING ACTION.

26  RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

1    Home Depot USA, Inc., Tom K. Lee and Lee Construction Builders Company, and DOES 1

2    to 75.

3    SPECIAL INTERROGATORY NO. 6:

4    STATE the amount of compensatory damage YOU are seeking to recover in this action.

5    RESPONSE TO SPECIAL INTERROGATORY NO. 6:

6    $387,500.00 for settlement; $101,129.24 for attorney fees and cost paid for Home Depot's

7    defense of the UNDERLYING ACTION; and attorney fees and costs associated with this action.

8    SPECIAL INTERROGATORY NO. 7:

9    EXPLAIN the basis for the statement in paragraph 7 of YOUR complaint that the cart which

10   was the subject of the UNDERLYING ACTION was supposed to be maintained by GlideRite.

11   RESPONSE TO SPECIAL INTERROGATORY NO. 7:

12   The Underlying Action alleged that, among other things, Ms. Lewinstein was injured as a

13   result of a poorly maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in

14   Emeryville, California on September 23, 2003.  Home Depot is informed and believes that all the

15   carts at the subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's

16   injury, were supposed to be maintained and serviced by GlideRite Corporation pursuant to a

17   Maintenance Contractor Agreement between Gliderite and Home Depot.  Andrew Reiner, the

18   president of GlideRite Corporation, testified at deposition that GlideRite Corporation entered into

19   a service contract with Home Depot to provide maintenance, inspection and repair of all carts at

20   Home Depot stores, including the one in Emeryville.  Mr. Reiner also made the same

21   representations orally to counsel for Home Depot.  Service documents indicate that GlideRite

22   Corporation performed maintenance, inspection and repair services of carts at the Home Depot in

23   Emeryville.

24   SPECIAL INTERROGATORY NO. 8:

25   STATE the date YOU were first served with the summons and complaint in the

26   UNDERLYING ACTION.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

1    Home Depot USA, Inc., Tom K. Lee and Lee Construction Builders Company, and DOES 1

2    to 75.

3    <u>SPECIAL INTERROGATORY NO. 6:</u>

4    STATE the amount of compensatory damage YOU are seeking to recover in this action.

5    <u>RESPONSE TO SPECIAL INTERROGATORY NO. 6:</u>

6    $387,500.00 for settlement; $101,129.24 for attorney fees and cost paid for Home Depot's

7    defense of the UNDERLYING ACTION; and attorney fees and costs associated with this action.

8    <u>SPECIAL INTERROGATORY NO. 7:</u>

9    EXPLAIN the basis for the statement in paragraph 7 of YOUR complaint that the cart which

10   was the subject of the UNDERLYING ACTION was supposed to be maintained by GlideRite.

11   <u>RESPONSE TO SPECIAL INTERROGATORY NO. 7:</u>

12   The Underlying Action alleged that, among other things, Ms. Lewinstein was injured as a

13   result of a poorly maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in

14   Emeryville, California on September 23, 2003.  Home Depot is informed and believes that all the

15   carts at the subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's

16   injury, were supposed to be maintained and serviced by GlideRite Corporation pursuant to a

17   Maintenance Contractor Agreement between Gliderite and Home Depot.  Andrew Reiner, the

18   president of GlideRite Corporation, testified at deposition that GlideRite Corporation entered into

19   a service contract with Home Depot to provide maintenance, inspection and repair of all carts at

20   Home Depot stores, including the one in Emeryville.  Mr. Reiner also made the same

21   representations orally to counsel for Home Depot.  Service documents indicate that GlideRite

22   Corporation performed maintenance, inspection and repair services of carts at the Home Depot in

23   Emeryville.

24   <u>SPECIAL INTERROGATORY NO. 8:</u>

25   STATE the date YOU were first served with the summons and complaint in the

26   UNDERLYING ACTION.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

1 | RESPONSE TO SPECIAL INTERROGATORY NO. 8:

2 | September 9, 2005.

3 | SPECIAL INTERROGATORY NO. 9:

4 | EXPLAIN the basis of YOUR statement in paragraph 8 of YOUR complaint that GlideRite

5 | Corporation had YOU named as an additional insured on policies of insurance issued by USF&G.

6 | RESPONSE TO SPECIAL INTERROGATORY NO. 9:

7 | Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and

8 | Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in

9 | connection with actions such as and including the Underlying Action. Pursuant to paragraph 8.0

10 | of this Agreement, GlideRite was contractually obligated to have Home Depot named as an

11 | additional insured on policies of general liability insurance to protect Home Depot in connection

12 | with actions such as and including the Underlying Action. Home Depot is informed and believes

13 | that GlideRite Corporation did have Home Depot named as an additional insured on its policies of

14 | insurance. Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of

15 | Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual

16 | Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following:

17 | "Home Depot is named additional insured under general liability as respects work performed

18 | under contract / *In the event cancellation for non-payment of premium, 10 days cancellation

19 | notice will be given." On September 13, 2006, Home Depot tendered the defense of the

20 | Underlying Action under both the contractual indemnity and as an additional insured under

21 | defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of

22 | Aram Bedros of Grosslight Insurance, Inc. In a letter dated September 21, 2006, written on

23 | "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers

24 | and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman,

25 | Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company

26 | is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-

1  acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as

2  well as conferring with coverage counsel. We will advise of our position regarding your tender as

3  soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by

4  Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

5  Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

6  for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

7  conference dates. [¶] We understand your tender is still pending. We will respond as soon as

8  possible."

9  RESPONSE TO SPECIAL INTERROGATORY NO. 10:

10      EXPLAIN that basis of YOUR statement in paragraph 8 of YOUR complaint that GlideRite

11  Corporation had YOU named as an additional insured on policies of insurance issued by Travelers

12  Insurance Company.

13  RESPONSE TO SPECIAL INTERROGATORY NO. 10:

14      Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and

15  Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in

16  connection with actions such as and including the Underlying Action. Pursuant to paragraph 8.0

17  of this Agreement, GlideRite was contractually obligated to have Home Depot named as an

18  additional insured on policies of general liability insurance to protect Home Depot in connection

19  with actions such as and including the Underlying Action. Home Depot is informed and believes

20  that GlideRite Corporation did have Home Depot named as an additional insured on its policies of

21  insurance. Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of

22  Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual

23  Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following:

24  "Home Depot is named additional insured under general liability as respects work performed

25  under contract / *In the event cancellation for non-payment of premium, 10 days cancellation

26  notice will be given." On September 13, 2006, Home Depot tendered the defense of the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

1    Underlying Action under both the contractual indemnity and as an additional insured under

2    defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of

3    Aram Bedros of Grosslight Insurance, Inc.  In a letter dated September 21, 2006, written on

4    "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers

5    and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman,

6    Ms. Chase states the following:  "As you are aware, United States Fidelity and Guaranty Company

7    is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

8    acknowledge your tender of defense to GlideRite Corporation.  We are investigating this matter as

9    well as conferring with coverage counsel.  We will advise of our position regarding your tender as

10   soon as possible."  In a letter dated October 25, 2006, written on "Travelers" letterhead, by

11   Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

12   Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following:  "Thank you

13   for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

14   conference dates. [¶] We understand your tender is still pending.    We will respond as soon as

15   possible."  Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

16   renewed Home Depot's tender.  Mr. Goodman also had numerous telephone calls with Ms. Chase

17   during which he renewed Home Depot's tender.

18   SPECIAL INTERROGATORY NO. 11:

19       Identify each of YOUR tenders of defense of the UNDERLYING ACTION to USF&G.

20   RESPONSE TO SPECIAL INTERROGATORY NO. 11:

21       On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

22   both the contractual indemnity and as an additional insured under defendants' policies of

23   insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

24   Aram Bedros of Grosslight Insurance, Inc.  In a letter dated October 24, 2006 to Ms. Chase, who

25   was identified in a prior letter to Mr. Goodman as the Technical Specialist of Travelers and United

26   States Fidelity and Guaranty Company, Mr. Goodman advised that Home Depot expects to be

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-9-

1   defended and indemnified in the Lewinstein action. In a letter dated October 24, 2006 to

2   Ms. Chase, Mr. Goodman provided the new dates for settlement conference, trial and mediation.

3   Mr. Goodman stated the following: "You have had more than sufficient time to investigate and

4   evaluate this case and make a coverage determination...Your duty to defend Home Depot in this

5   suit is clear, and we again request that you acknowledge that obligation." Mr. Goodman also had

6   numerous telephone calls with Ms. Chase during which he renewed Home Depot's tender.

7   <u>SPECIAL INTERROGATORY NO. 12</u>:

8       Identify each of YOUR tenders of defense of the UNDERLYING ACTION to any insurer

9   other than USF&G.

10   <u>RESPONSE TO SPECIAL INTERROGATORY NO. 12</u>:

11       On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

12   both the contractual indemnity and as an additional insured under defendants' policies of

13   insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

14   Aram Bedros of Grosslight Insurance, Inc. In a letter dated October 24, 2006 to Ms. Chase, who

15   was identified in a prior letter to Mr. Goodman as the Technical Specialist of Travelers and United

16   States Fidelity and Guaranty Company, Mr. Goodman advised that Home Depot expects to be

17   defended and indemnified in the Lewinstein action. In a letter dated October 24, 2006 to

18   Ms. Chase, Mr. Goodman provided the new dates for settlement conference, trial and mediation.

19   Mr. Goodman stated the following: "You have had more than sufficient time to investigate and

20   evaluate this case and make a coverage determination...Your duty to defend Home Depot in this

21   suit is clear, and we again request that you acknowledge that obligation." Mr. Goodman also had

22   numerous telephone calls with Ms. Chase during which he renewed Home Depot's tender.

23   <u>SPECIAL INTERROGATORY NO. 13</u>:

24       EXPLAIN the basis for the statement in paragraph 11 of YOUR complaint that YOU

25   believe YOU are an additional insured under a commercial general liability policy of insurance

26   issued by USF&G.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-10-

RESPONSE TO SPECIAL INTERROGATORY NO. 13:

Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in connection with actions such as and including the Underlying Action. Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have Home Depot named as an additional insured on policies of general liability insurance to protect Home Depot in connection with actions such as and including the Underlying Action. Home Depot is informed and believes that GlideRite Corporation did have Home Depot named as an additional insured on its policies of insurance. Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following: "Home Depot is named additional insured under general liability as respects work performed under contract / *In the event cancellation for non-payment of premium, 10 days cancellation notice will be given." On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both the contractual indemnity and as an additional insured under defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of Aram Bedros of Grosslight Insurance, Inc. In a letter dated September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as well as conferring with coverage counsel. We will advise of our position regarding your tender as soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-11-

1    for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

2    conference dates. [¶] We understand your tender is still pending.    We will respond as soon as

3    possible." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

4    renewed Home Depot's tender.

5    SPECIAL INTERROGATORY NO. 14:

6        EXPLAIN the basis for the statement in paragraph 11 of YOUR complaint that YOU

7    believe YOU are an additional insured under a commercial general liability policy of insurance

8    issued by Travelers Insurance Company.

9    RESPONSE TO SPECIAL INTERROGATORY NO. 14:

10        Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and

11    Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in

12    connection with actions such as and including the Underlying Action.  Pursuant to paragraph 8.0

13    of this Agreement, GlideRite was contractually obligated to have Home Depot named as an

14    additional insured on policies of general liability insurance to protect Home Depot in connection

15    with actions such as and including the Underlying Action.  Home Depot is informed and believes

16    that GlideRite Corporation did have Home Depot named as an additional insured on its policies of

17    insurance.  Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of

18    Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual

19    Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following:

20    "Home Depot is named additional insured under general liability as respects work performed

21    under contract / *In the event cancellation for non-payment of premium, 10 days cancellation

22    notice will be given."  On September 13, 2006, Home Depot tendered the defense of the

23    Underlying Action under both the contractual indemnity and as an additional insured under

24    defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of

25    Aram Bedros of Grosslight Insurance, Inc.  In a letter dated September 21, 2006, written on

26    "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-12-

1   and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman,

2   Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company

3   is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

4   acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as

5   well as conferring with coverage counsel. We will advise of our position regarding your tender as

6   soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by

7   Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

8   Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

9   for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

10  conference dates. [¶] We understand your tender is still pending.   We will respond as soon as

11  possible." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

12  renewed Home Depot's tender.

13  ///

14  SPECIAL INTERROGATORY NO. 15:

15       STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

16  USF&G failed and refused to conduct a prompt, full and complete investigation of the

17  UNDERLYING ACTION.

18  RESPONSE TO SPECIAL INTERROGATORY NO. 15:

19       On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

20  both the contractual indemnity and as an additional insured under defendants' policies of

21  insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

22  Aram Bedros of Grosslight Insurance, Inc. Despite repeated oral and written requests for a

23  response, Home Depot was never provided with a response to its tender. In a letter dated

24  September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the

25  Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Home

26  Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-13-

1  States Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation.

2  [¶] This will serve to formally acknowledge your tender of defense to GlideRite Corporation.  We

3  are investigating this matter as well as conferring with coverage counsel.  We will advise of our

4  position regarding your tender as soon as possible."  In a letter dated October 24, 2006 to

5  Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

6  advised that Home Depot expects to be defended and indemnified in the Lewinstein action.  In a

7  letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

8  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

9  Company, to Mr. Goodman, Ms. Chase states the following:  "Thank you for your letter of

10  October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

11  [¶] We understand your tender is still pending.   We will respond as soon as possible."  Mr.

12  Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

13  Depot's tender.  In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

14  dates for settlement conference, trial and mediation.  Mr. Goodman stated the following: "You

15  have had more than sufficient time to investigate and evaluate this case and make a coverage

16  determination…Your duty to defend Home Depot in this suit is clear, and we again request that

17  you acknowledge that obligation."  Mr. Goodman also had numerous telephone calls with Ms.

18  Chase during which he renewed Home Depot's tender.

19  SPECIAL INTERROGATORY NO. 16:

20      STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

21  USF&G failed and refused to conduct any investigation despite repeatedly being requested by

22  YOU for a response to the tender of defense and after repeatedly being advised of mediation and

23  trial dates in the UNDERLYING ACTION.

24  RESPONSE TO SPECIAL INTERROGATORY NO. 16:

25  On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both

26  the contractual indemnity and as an additional insured under defendants' policies of insurance

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-14-

1   directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of Aram

2   Bedros of Grosslight Insurance, Inc. Despite repeated oral and written requests for a response,

3   Home Depot was never provided with a response to its tender. In a letter dated September 21,

4   2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical

5   Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's

6   counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States

7   Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This

8   will serve to formally acknowledge your tender of defense to GlideRite Corporation. We are

9   investigating this matter as well as conferring with coverage counsel. We will advise of our

10  position regarding your tender as soon as possible." In a letter dated October 24, 2006 to

11  Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

12  advised that Home Depot expects to be defended and indemnified in the Lewinstein action. In a

13  letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

14  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

15  Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter of

16  October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

17  [¶] We understand your tender is still pending.   We will respond as soon as possible." Mr.

18  Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

19  Depot's tender. In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

20  dates for settlement conference, trial and mediation. Mr. Goodman stated the following: "You

21  have had more than sufficient time to investigate and evaluate this case and make a coverage

22  determination...Your duty to defend Home Depot in this suit is clear, and we again request that

23  you acknowledge that obligation." Mr. Goodman also had numerous telephone calls with Ms.

24  Chase during which he renewed Home Depot's tender.

25  SPECIAL INTERROGATORY NO. 17:

26       STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-15-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

1  USF&G failed and refused to promptly respond to communications from YOU.

2  RESPONSE TO SPECIAL INTERROGATORY NO. 17:

3  On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both

4  the contractual indemnity and as an additional insured under defendants' policies of insurance

5  directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of Aram

6  Bedros of Grosslight Insurance, Inc. Despite repeated oral and written requests for a response,

7  Home Depot was never provided with a response to its tender. In a letter dated September 21,

8  2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical

9  Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's

10  counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States

11  Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This

12  will serve to formally acknowledge your tender of defense to GlideRite Corporation. We are

13  investigating this matter as well as conferring with coverage counsel. We will advise of our

14  position regarding your tender as soon as possible." In a letter dated October 24, 2006 to

15  Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

16  advised that Home Depot expects to be defended and indemnified in the Lewinstein action. In a

17  letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

18  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

19  Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter of

20  October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

21  [¶] We understand your tender is still pending.   We will respond as soon as possible." Mr.

22  Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

23  Depot's tender. In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

24  dates for settlement conference, trial and mediation. Mr. Goodman stated the following: "You

25  have had more than sufficient time to investigate and evaluate this case and make a coverage

26  determination…Your duty to defend Home Depot in this suit is clear, and we again request that

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-16-

1   you acknowledge that obligation."  Mr. Goodman also had numerous telephone calls with Ms.

2   Chase during which he renewed Home Depot's tender.  Mr. Goodman also had numerous

3   telephone calls with Ms. Chase during which he renewed Home Depot's tender.

4

5   DATED:  May 9, 2008            JENKINS GOODMAN NEUMAN
                             & HAMILTON LLP

6

7

8                     By:  _____
                         JOSHUA S. GOODMAN

9                       PAIGE P. YEH
                       Attorneys for Plaintiff
                       HOME DEPOT U.S.A., INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-17-

**VERIFICATION**

I, CALE R. BRICE, the undersigned, declare:

I am authorized to make this Verification on behalf of HOME DEPOT U.S.A., INC., defendant in the above-entitled action, and that I have read the foregoing **RESPONSES TO SPECIAL INTERROGATORIES, SET ONE,** propounded by Plaintiff, and know the contents therein are true, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _9th_ day of May , 2008, in Atlanta, GA.

_Cale R Brice_
CALE R. BRICE

f:\docs\jsg\usf&g (lewinstein)\discovery\response to usfg's discovery\verification.doc

VERIFICATION

# PROOF OF SERVICE

**CASE NAME:** *Home Depot USA, Inc. v. United States Fidelity & Guaranty Co.*
**CASE NUMBER:** RG07359448
**DATE OF SERVICE:** May 9, 2008
**DESCRIPTION OF DOCUMENTS SERVED:**

**RESPONSES OF PLAINTIFF HOME DEPOT U.S.A., INC. TO DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S SPECIAL INTERROGATORIES, SET ONE**

**SERVED ON THE FOLLOWING:**

Marc J. Derewetzky
**MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP**
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596-8068
925.937.9990
925.937.3272
*Attorney for USF&G Company*

I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP.  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*Nikki Sands*
Nikki Sands

f:\docs\jsg\usf&g (lewinstein)\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

PROOF OF SERVICE

1 | JOSHUA S. GOODMAN - State Bar #116576
PAIGE P. YEH - State Bar #229197
2 | JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
3 | San Francisco, California 94104
Telephone: (415) 705-0400
4 | Facsimile: (415) 705-0411

5 | Attorneys for Plaintiff
HOME DEPOT U.S.A., INC.

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE CITY AND COUNTY OF ALAMEDA

10

11 | HOME DEPOT U.S.A., INC.,

12 |                Plaintiff,

13 | vs.

14 | UNITED STATES FIDELITY and
GUARANTY COMPANY, et al.,

15

16 |                Defendants.

Case No. RG07 359448

**RESPONSES OF PLAINTIFF HOME DEPOT U.S.A., INC. TO DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S SPECIAL INTERROGATORIES, SET ONE**

17 | PROPOUNDING PARTY:   Defendant United States Fidelity & Guaranty Company

18 | RESPONDING PARTY:      Plaintiff Home Depot U.S.A., Inc.

19 | SPECIAL INTERROGATORY NO. 1:

20 |     EXPLAIN the basis for YOUR claim against defendant Travelers Insurance Company.

21 | RESPONSE TO SPECIAL INTERROGATORY NO. 1:

22 |     On or about July 15, 2005, Sara Lewinstein filed a Complaint against, among others, HOME

23 | DEPOT in Alameda Superior Court, Action No. RG05222929, wherein Ms. Lewinstein alleged,

24 | among other things, that she was injured as a result of a poorly maintained flatbed cart in Home

25 | Depot's store located at 3990 Hollis Street in Emeryville, California on September 23, 2003

26 | ("Underlying Action"). Home Depot is informed and believes that all the carts at the subject

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET I

1 | 24, 2006 to Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference

2 | and trial, and advised that Home Depot expects to be defended and indemnified in the Lewinstein

3 | action. In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is

4 | once again identified as the Technical Specialist of Travelers and United States Fidelity and

5 | Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter

6 | of October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

7 | [¶] We understand your tender is still pending. We will respond as soon as possible." In a letter

8 | dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new dates for settlement

9 | conference, trial and mediation. Mr. Goodman stated the following: "You have had more than

10 | sufficient time to investigate and evaluate this case and make a coverage determination…Your

11 | duty to defend Home Depot in this suit is clear, and we again request that you acknowledge that

12 | obligation." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

13 | renewed Home Depot's tender. At a mediation held on December 4, 2006, Home Depot settled

14 | the Underlying Action and entered into a written settlement agreement and paid the settlement

15 | funds sometime thereafter. Home Depot also paid attorneys' fees for the defense of the

16 | Underlying Action.

17 | SPECIAL INTERROGATORY NO. 2:

18 |     EXPLAIN the basis for YOUR claim against defendant USF&G.

19 | RESPONSE TO SPECIAL INTERROGATORY NO. 2:

20 |     On or about July 15, 2005, Sara Lewinstein filed a Complaint against, among others, Home

21 | Depot in Alameda Superior Court, Action No. RG05222929 ("Underlying Action"), wherein

22 | Ms. Lewinstein alleged, among other things, that she was injured as a result of a poorly

23 | maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in Emeryville,

24 | California on September 23, 2003. Home Depot is informed and believes that all the carts at the

25 | subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's injury, were

26 | supposed to be maintained and serviced by GlideRite Corporation pursuant to a Maintenance

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

1  Contractor Agreement between Gliderite and Home Depot. Pursuant to paragraph 7.0 of this

2  Maintenance Contractor Agreement, GlideRite was contractually obligated to defend and

3  indemnify Home Depot in connection with actions such as and including the Underlying Action.

4  Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have Home

5  Depot named as an additional insured on policies of general liability insurance to protect Home

6  Depot in connection with actions such as and including the Underlying Action. Home Depot is

7  informed and believes that GlideRite Corporation did have Home Depot named as an additional

8  insured on its policies of insurance. Aram Bedros of Grosslight Insurance, Inc. produced the

9  ACORD Certificate of Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by

10  Lumbermens Mutual Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which

11  states the following: "Home Depot is named additional insured under general liability as respects

12  work performed under contract / *In the event cancellation for non-payment of premium, 10 days

13  cancellation notice will be given." On September 13, 2006, Home Depot tendered the defense of

14  the Underlying Action under both the contractual indemnity and as an additional insured under

15  defendants' policies of insurance directly to GlideRite and to Lumbermans Mutual Casualty

16  Insurance Company, care of Aram Bedros of Grosslight Insurance, Inc. Despite repeated oral and

17  written requests for a response, Home Depot was never provided with a response to its tender. In

18  a letter dated September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is

19  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

20  Company, to Home Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are

21  aware, United States Fidelity and Guaranty Company is the general liability carrier for GlideRite

22  Corporation. [¶] This will serve to formally acknowledge your tender of defense to GlideRite

23  Corporation. We are investigating this matter as well as conferring with coverage counsel. We

24  will advise of our position regarding your tender as soon as possible." In a letter dated October

25  24, 2006 to Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference

26  and trial, and advised that Home Depot expects to be defended and indemnified in the Lewinstein

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

1  action. In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is

2  once again identified as the Technical Specialist of Travelers and United States Fidelity and

3  Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter

4  of October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

5  [¶] We understand your tender is still pending. We will respond as soon as possible." In a letter

6  dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new dates for settlement

7  conference, trial and mediation. Mr. Goodman stated the following: "You have had more than

8  sufficient time to investigate and evaluate this case and make a coverage determination...Your

9  duty to defend Home Depot in this suit is clear, and we again request that you acknowledge that

10  obligation." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

11  renewed Home Depot's tender. At a mediation held on December 4, 2006, Home Depot settled

12  the Underlying Action and entered into a written settlement agreement and paid the settlement

13  funds sometime thereafter. Home Depot also paid attorneys' fees for the defense of the

14  Underlying Action.

15  SPECIAL INTERROGATORY NO. 3:

16      STATE the amount YOU paid to settle the UNDERLYING ACTION.

17  RESPONSE TO SPECIAL INTERROGATORY NO. 3:

18      $387,500.00.

19  SPECIAL INTERROGATORY NO. 4:

20      STATE the amount YOU paid for attorneys fees and costs for YOUR defense of the

21  UNDERLYING ACTION.

22  RESPONSE TO SPECIAL INTERROGATORY NO. 4:

23      $101,129.24.

24  SPECIAL INTERROGATORY NO. 5:

25      Identify ALL parties to the UNDERLYING ACTION.

26  RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

1    Home Depot USA, Inc., Tom K. Lee and Lee Construction Builders Company, and DOES 1

2    to 75.

3    SPECIAL INTERROGATORY NO. 6:

4        STATE the amount of compensatory damage YOU are seeking to recover in this action.

5    RESPONSE TO SPECIAL INTERROGATORY NO. 6:

6        $387,500.00 for settlement; $101,129.24 for attorney fees and cost paid for Home Depot's

7    defense of the UNDERLYING ACTION; and attorney fees and costs associated with this action.

8    SPECIAL INTERROGATORY NO. 7:

9        EXPLAIN the basis for the statement in paragraph 7 of YOUR complaint that the cart which

10   was the subject of the UNDERLYING ACTION was supposed to be maintained by GlideRite.

11   RESPONSE TO SPECIAL INTERROGATORY NO. 7:

12       The Underlying Action alleged that, among other things, Ms. Lewinstein was injured as a

13   result of a poorly maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in

14   Emeryville, California on September 23, 2003.  Home Depot is informed and believes that all the

15   carts at the subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's

16   injury, were supposed to be maintained and serviced by GlideRite Corporation pursuant to a

17   Maintenance Contractor Agreement between Gliderite and Home Depot.  Andrew Reiner, the

18   president of GlideRite Corporation, testified at deposition that GlideRite Corporation entered into

19   a service contract with Home Depot to provide maintenance, inspection and repair of all carts at

20   Home Depot stores, including the one in Emeryville.  Mr. Reiner also made the same

21   representations orally to counsel for Home Depot.  Service documents indicate that GlideRite

22   Corporation performed maintenance, inspection and repair services of carts at the Home Depot in

23   Emeryville.

24   SPECIAL INTERROGATORY NO. 8:

25       STATE the date YOU were first served with the summons and complaint in the

26   UNDERLYING ACTION.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

1    Home Depot USA, Inc., Tom K. Lee and Lee Construction Builders Company, and DOES 1

2    to 75.

3    <u>SPECIAL INTERROGATORY NO. 6</u>:

4    STATE the amount of compensatory damage YOU are seeking to recover in this action.

5    <u>RESPONSE TO SPECIAL INTERROGATORY NO. 6</u>:

6    $387,500.00 for settlement; $101,129.24 for attorney fees and cost paid for Home Depot's

7    defense of the UNDERLYING ACTION; and attorney fees and costs associated with this action.

8    <u>SPECIAL INTERROGATORY NO. 7</u>:

9    EXPLAIN the basis for the statement in paragraph 7 of YOUR complaint that the cart which

10    was the subject of the UNDERLYING ACTION was supposed to be maintained by GlideRite.

11    <u>RESPONSE TO SPECIAL INTERROGATORY NO. 7</u>:

12    The Underlying Action alleged that, among other things, Ms. Lewinstein was injured as a

13    result of a poorly maintained flatbed cart in Home Depot's store located at 3990 Hollis Street in

14    Emeryville, California on September 23, 2003. Home Depot is informed and believes that all the

15    carts at the subject Home Depot store, including the one that allegedly caused Ms. Lewinstein's

16    injury, were supposed to be maintained and serviced by GlideRite Corporation pursuant to a

17    Maintenance Contractor Agreement between Gliderite and Home Depot. Andrew Reiner, the

18    president of GlideRite Corporation, testified at deposition that GlideRite Corporation entered into

19    a service contract with Home Depot to provide maintenance, inspection and repair of all carts at

20    Home Depot stores, including the one in Emeryville. Mr. Reiner also made the same

21    representations orally to counsel for Home Depot. Service documents indicate that GlideRite

22    Corporation performed maintenance, inspection and repair services of carts at the Home Depot in

23    Emeryville.

24    <u>SPECIAL INTERROGATORY NO. 8</u>:

25    STATE the date YOU were first served with the summons and complaint in the

26    UNDERLYING ACTION.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

RESPONSE TO SPECIAL INTERROGATORY NO. 8:

September 9, 2005.

SPECIAL INTERROGATORY NO. 9:

EXPLAIN the basis of YOUR statement in paragraph 8 of YOUR complaint that GlideRite Corporation had YOU named as an additional insured on policies of insurance issued by USF&G.

RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in connection with actions such as and including the Underlying Action.  Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have Home Depot named as an additional insured on policies of general liability insurance to protect Home Depot in connection with actions such as and including the Underlying Action.  Home Depot is informed and believes that GlideRite Corporation did have Home Depot named as an additional insured on its policies of insurance.  Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following: "Home Depot is named additional insured under general liability as respects work performed under contract / *In the event cancellation for non-payment of premium, 10 days cancellation notice will be given." On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both the contractual indemnity and as an additional insured under defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of Aram Bedros of Grosslight Insurance, Inc.  In a letter dated September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-

1   acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as

2   well as conferring with coverage counsel. We will advise of our position regarding your tender as

3   soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by

4   Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

5   Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

6   for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

7   conference dates. [¶] We understand your tender is still pending. We will respond as soon as

8   possible."

9   RESPONSE TO SPECIAL INTERROGATORY NO. 10:

10       EXPLAIN that basis of YOUR statement in paragraph 8 of YOUR complaint that GlideRite

11   Corporation had YOU named as an additional insured on policies of insurance issued by Travelers

12   Insurance Company.

13   RESPONSE TO SPECIAL INTERROGATORY NO. 10:

14       Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and

15   Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in

16   connection with actions such as and including the Underlying Action. Pursuant to paragraph 8.0

17   of this Agreement, GlideRite was contractually obligated to have Home Depot named as an

18   additional insured on policies of general liability insurance to protect Home Depot in connection

19   with actions such as and including the Underlying Action. Home Depot is informed and believes

20   that GlideRite Corporation did have Home Depot named as an additional insured on its policies of

21   insurance. Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of

22   Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual

23   Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following:

24   "Home Depot is named additional insured under general liability as respects work performed

25   under contract / *In the event cancellation for non-payment of premium, 10 days cancellation

26   notice will be given." On September 13, 2006, Home Depot tendered the defense of the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

1    Underlying Action under both the contractual indemnity and as an additional insured under

2    defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of

3    Aram Bedros of Grosslight Insurance, Inc. In a letter dated September 21, 2006, written on

4    "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers

5    and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman,

6    Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company

7    is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

8    acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as

9    well as conferring with coverage counsel. We will advise of our position regarding your tender as

10   soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by

11   Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

12   Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

13   for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

14   conference dates. [¶] We understand your tender is still pending.   We will respond as soon as

15   possible." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

16   renewed Home Depot's tender. Mr. Goodman also had numerous telephone calls with Ms. Chase

17   during which he renewed Home Depot's tender.

18   SPECIAL INTERROGATORY NO. 11:

19       Identify each of YOUR tenders of defense of the UNDERLYING ACTION to USF&G.

20   RESPONSE TO SPECIAL INTERROGATORY NO. 11:

21       On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

22   both the contractual indemnity and as an additional insured under defendants' policies of

23   insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

24   Aram Bedros of Grosslight Insurance, Inc. In a letter dated October 24, 2006 to Ms. Chase, who

25   was identified in a prior letter to Mr. Goodman as the Technical Specialist of Travelers and United

26   States Fidelity and Guaranty Company, Mr. Goodman advised that Home Depot expects to be

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-9-

1  defended and indemnified in the Lewinstein action.  In a letter dated October 24, 2006 to

2  Ms. Chase, Mr. Goodman provided the new dates for settlement conference, trial and mediation.

3  Mr. Goodman stated the following: "You have had more than sufficient time to investigate and

4  evaluate this case and make a coverage determination...Your duty to defend Home Depot in this

5  suit is clear, and we again request that you acknowledge that obligation."  Mr. Goodman also had

6  numerous telephone calls with Ms. Chase during which he renewed Home Depot's tender.

7  SPECIAL INTERROGATORY NO. 12:

8        Identify each of YOUR tenders of defense of the UNDERLYING ACTION to any insurer

9  other than USF&G.

10  RESPONSE TO SPECIAL INTERROGATORY NO. 12:

11        On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

12  both the contractual indemnity and as an additional insured under defendants' policies of

13  insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

14  Aram Bedros of Grosslight Insurance, Inc.  In a letter dated October 24, 2006 to Ms. Chase, who

15  was identified in a prior letter to Mr. Goodman as the Technical Specialist of Travelers and United

16  States Fidelity and Guaranty Company, Mr. Goodman advised that Home Depot expects to be

17  defended and indemnified in the Lewinstein action.  In a letter dated October 24, 2006 to

18  Ms. Chase, Mr. Goodman provided the new dates for settlement conference, trial and mediation.

19  Mr. Goodman stated the following: "You have had more than sufficient time to investigate and

20  evaluate this case and make a coverage determination...Your duty to defend Home Depot in this

21  suit is clear, and we again request that you acknowledge that obligation."  Mr. Goodman also had

22  numerous telephone calls with Ms. Chase during which he renewed Home Depot's tender.

23  SPECIAL INTERROGATORY NO. 13:

24        EXPLAIN the basis for the statement in paragraph 11 of YOUR complaint that YOU

25  believe YOU are an additional insured under a commercial general liability policy of insurance

26  issued by USF&G.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-10-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

RESPONSE TO SPECIAL INTERROGATORY NO. 13:

Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in connection with actions such as and including the Underlying Action. Pursuant to paragraph 8.0 of this Agreement, GlideRite was contractually obligated to have Home Depot named as an additional insured on policies of general liability insurance to protect Home Depot in connection with actions such as and including the Underlying Action. Home Depot is informed and believes that GlideRite Corporation did have Home Depot named as an additional insured on its policies of insurance. Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following: "Home Depot is named additional insured under general liability as respects work performed under contract / *In the event cancellation for non-payment of premium, 10 days cancellation notice will be given." On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both the contractual indemnity and as an additional insured under defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of Aram Bedros of Grosslight Insurance, Inc. In a letter dated September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as well as conferring with coverage counsel. We will advise of our position regarding your tender as soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-11-

1  for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

2  conference dates. [¶] We understand your tender is still pending.   We will respond as soon as

3  possible." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

4  renewed Home Depot's tender.

5  SPECIAL INTERROGATORY NO. 14:

6        EXPLAIN the basis for the statement in paragraph 11 of YOUR complaint that YOU

7  believe YOU are an additional insured under a commercial general liability policy of insurance

8  issued by Travelers Insurance Company.

9  RESPONSE TO SPECIAL INTERROGATORY NO. 14:

10       Pursuant to paragraph 7.0 of the Maintenance Contractor Agreement between Gliderite and

11 Home Depot, GlideRite was contractually obligated to defend and indemnify Home Depot in

12 connection with actions such as and including the Underlying Action.  Pursuant to paragraph 8.0

13 of this Agreement, GlideRite was contractually obligated to have Home Depot named as an

14 additional insured on policies of general liability insurance to protect Home Depot in connection

15 with actions such as and including the Underlying Action.  Home Depot is informed and believes

16 that GlideRite Corporation did have Home Depot named as an additional insured on its policies of

17 insurance.  Aram Bedros of Grosslight Insurance, Inc. produced the ACORD Certificate of

18 Liability Insurance, dated June 23, 2003, of insured Glide Rite Corp by Lumbermens Mutual

19 Casualty, Policy Number 7RD80416401, periods 3/22/03 to 3/22/04, which states the following:

20 "Home Depot is named additional insured under general liability as respects work performed

21 under contract / *In the event cancellation for non-payment of premium, 10 days cancellation

22 notice will be given."  On September 13, 2006, Home Depot tendered the defense of the

23 Underlying Action under both the contractual indemnity and as an additional insured under

24 defendants' policies of insurance to Lumbermans Mutual Casualty Insurance Company, care of

25 Aram Bedros of Grosslight Insurance, Inc.  In a letter dated September 21, 2006, written on

26 "Travelers" letterhead, by Joanne Chase, who is identified as the Technical Specialist of Travelers

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-12-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

1 | and United States Fidelity and Guaranty Company, to Home Depot's counsel, Josh Goodman,

2 | Ms. Chase states the following: "As you are aware, United States Fidelity and Guaranty Company

3 | is the general liability carrier for GlideRite Corporation. [¶] This will serve to formally

4 | acknowledge your tender of defense to GlideRite Corporation. We are investigating this matter as

5 | well as conferring with coverage counsel. We will advise of our position regarding your tender as

6 | soon as possible." In a letter dated October 25, 2006, written on "Travelers" letterhead, by

7 | Ms. Chase, who is once again identified as the Technical Specialist of Travelers and United States

8 | Fidelity and Guaranty Company, to Mr. Goodman, Ms. Chase states the following: "Thank you

9 | for your letter of October 24, 2006 in which you advised of the trial continuance and settlement

10 | conference dates. [¶] We understand your tender is still pending. We will respond as soon as

11 | possible." Mr. Goodman also had numerous telephone calls with Ms. Chase during which he

12 | renewed Home Depot's tender.

13 | ///

14 | SPECIAL INTERROGATORY NO. 15:

15 |     STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

16 | USF&G failed and refused to conduct a prompt, full and complete investigation of the

17 | UNDERLYING ACTION.

18 | RESPONSE TO SPECIAL INTERROGATORY NO. 15:

19 |     On September 13, 2006, Home Depot tendered the defense of the Underlying Action under

20 | both the contractual indemnity and as an additional insured under defendants' policies of

21 | insurance directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of

22 | Aram Bedros of Grosslight Insurance, Inc. Despite repeated oral and written requests for a

23 | response, Home Depot was never provided with a response to its tender. In a letter dated

24 | September 21, 2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the

25 | Technical Specialist of Travelers and United States Fidelity and Guaranty Company, to Home

26 | Depot's counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-13-

1    States Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation.

2    [¶] This will serve to formally acknowledge your tender of defense to GlideRite Corporation.  We

3    are investigating this matter as well as conferring with coverage counsel.  We will advise of our

4    position regarding your tender as soon as possible."  In a letter dated October 24, 2006 to

5    Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

6    advised that Home Depot expects to be defended and indemnified in the Lewinstein action.  In a

7    letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

8    identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

9    Company, to Mr. Goodman, Ms. Chase states the following:  "Thank you for your letter of

10   October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

11   [¶] We understand your tender is still pending.   We will respond as soon as possible."  Mr.

12   Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

13   Depot's tender.  In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

14   dates for settlement conference, trial and mediation.  Mr. Goodman stated the following:  "You

15   have had more than sufficient time to investigate and evaluate this case and make a coverage

16   determination…Your duty to defend Home Depot in this suit is clear, and we again request that

17   you acknowledge that obligation."  Mr. Goodman also had numerous telephone calls with Ms.

18   Chase during which he renewed Home Depot's tender.

19   SPECIAL INTERROGATORY NO. 16:

20        STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

21   USF&G failed and refused to conduct any investigation despite repeatedly being requested by

22   YOU for a response to the tender of defense and after repeatedly being advised of mediation and

23   trial dates in the UNDERLYING ACTION.

24   RESPONSE TO SPECIAL INTERROGATORY NO. 16:

25   On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both

26   the contractual indemnity and as an additional insured under defendants' policies of insurance

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-14-

1  directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of Aram

2  Bedros of Grosslight Insurance, Inc.  Despite repeated oral and written requests for a response,

3  Home Depot was never provided with a response to its tender. In a letter dated September 21,

4  2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical

5  Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's

6  counsel, Josh Goodman, Ms. Chase states the following:  "As you are aware, United States

7  Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This

8  will serve to formally acknowledge your tender of defense to GlideRite Corporation.  We are

9  investigating this matter as well as conferring with coverage counsel.  We will advise of our

10  position regarding your tender as soon as possible."  In a letter dated October 24, 2006 to

11  Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

12  advised that Home Depot expects to be defended and indemnified in the Lewinstein action.  In a

13  letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

14  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

15  Company, to Mr. Goodman, Ms. Chase states the following:  "Thank you for your letter of

16  October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

17  [¶] We understand your tender is still pending.   We will respond as soon as possible."  Mr.

18  Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

19  Depot's tender.  In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

20  dates for settlement conference, trial and mediation.  Mr. Goodman stated the following:  "You

21  have had more than sufficient time to investigate and evaluate this case and make a coverage

22  determination…Your duty to defend Home Depot in this suit is clear, and we again request that

23  you acknowledge that obligation."  Mr. Goodman also had numerous telephone calls with Ms.

24  Chase during which he renewed Home Depot's tender.

25  SPECIAL INTERROGATORY NO. 17:

26      STATE ALL facts that support the assertion in paragraph 19 of YOUR complaint that

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-15-

1   USF&G failed and refused to promptly respond to communications from YOU.

2   RESPONSE TO SPECIAL INTERROGATORY NO. 17:

3   On September 13, 2006, Home Depot tendered the defense of the Underlying Action under both

4   the contractual indemnity and as an additional insured under defendants' policies of insurance

5   directly to GlideRite and to Lumbermans Mutual Casualty Insurance Company, care of Aram

6   Bedros of Grosslight Insurance, Inc. Despite repeated oral and written requests for a response,

7   Home Depot was never provided with a response to its tender. In a letter dated September 21,

8   2006, written on "Travelers" letterhead, by Joanne Chase, who is identified as the Technical

9   Specialist of Travelers and United States Fidelity and Guaranty Company, to Home Depot's

10  counsel, Josh Goodman, Ms. Chase states the following: "As you are aware, United States

11  Fidelity and Guaranty Company is the general liability carrier for GlideRite Corporation. [¶] This

12  will serve to formally acknowledge your tender of defense to GlideRite Corporation. We are

13  investigating this matter as well as conferring with coverage counsel. We will advise of our

14  position regarding your tender as soon as possible." In a letter dated October 24, 2006 to

15  Ms. Chase, Mr. Goodman provided the dates of the mandatory settlement conference and trial, and

16  advised that Home Depot expects to be defended and indemnified in the Lewinstein action. In a

17  letter dated October 25, 2006, written on "Travelers" letterhead, by Ms. Chase, who is once again

18  identified as the Technical Specialist of Travelers and United States Fidelity and Guaranty

19  Company, to Mr. Goodman, Ms. Chase states the following: "Thank you for your letter of

20  October 24, 2006 in which you advised of the trial continuance and settlement conference dates.

21  [¶] We understand your tender is still pending. We will respond as soon as possible." Mr.

22  Goodman also had numerous telephone calls with Ms. Chase during which he renewed Home

23  Depot's tender. In a letter dated October 24, 2006 to Ms. Chase, Mr. Goodman provided the new

24  dates for settlement conference, trial and mediation. Mr. Goodman stated the following: "You

25  have had more than sufficient time to investigate and evaluate this case and make a coverage

26  determination...Your duty to defend Home Depot in this suit is clear, and we again request that

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-16-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

1 │ you acknowledge that obligation." Mr. Goodman also had numerous telephone calls with Ms.

2 │ Chase during which he renewed Home Depot's tender. Mr. Goodman also had numerous

3 │ telephone calls with Ms. Chase during which he renewed Home Depot's tender.

4

5 │ DATED: May 9, 2008                         JENKINS GOODMAN NEUMAN
   │                                            & HAMILTON LLP
6

7
   │                                            By: _____
8 │                                               JOSHUA S. GOODMAN
   │                                               PAIGE P. YEH
9 │                                               Attorneys for Plaintiff
   │                                               HOME DEPOT U.S.A., INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-17-

HOME DEPOT U.S.A., INC.'S RESPONSE TO SPECIAL INTERROGATORIES, SET 1

## VERIFICATION

I, CALE R. BRICE, the undersigned, declare:

I am authorized to make this Verification on behalf of HOME DEPOT U.S.A., INC., defendant in the above-entitled action, and that I have read the foregoing **RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**, propounded by Plaintiff, and know the contents therein are true, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _9th_ day of May , 2008, in Atlanta, GA.

_____
CALE R. BRICE

f:\docs\jsg\usf&g (lewinstein)\discovery\response to usfg's discovery\verification.doc

VERIFICATION

# PROOF OF SERVICE

**CASE NAME:** *Home Depot USA, Inc. v. United States Fidelity & Guaranty Co.*
**CASE NUMBER:** RG07359448
**DATE OF SERVICE:** May 9, 2008
**DESCRIPTION OF DOCUMENTS SERVED:**

**RESPONSES OF PLAINTIFF HOME DEPOT U.S.A., INC. TO DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S SPECIAL INTERROGATORIES, SET ONE**

**SERVED ON THE FOLLOWING:**

Marc J. Derewetzky
Morison Ansa Holden Assuncao & Prough, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
925.937.9990
925.937.3272
*Attorney for USF&G Company*

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*Nikki Sands*
Nikki Sands

f:\docs\jsg\usf&g (lewinstein)\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

171-6372

ENDORSED
FILED
ALAMEDA COUNTY

2008 FEB 19  PM 3: 12

BY ALAMEDA GATES

1   WILLIAM C. MORISON (No. 99981)
2   MARC J. DEREWETZKY (No. 130944)
    ALISON F. GREENE (No. 148309)
3   MORISON ANSA HOLDEN ASSUNCAO
      & PROUGH, LLP
    500 Ygnacio Valley Road, Suite 450
4   Walnut Creek, CA  94596-8068
    Telephone:  (925) 937-9990
5   Facsimile:  (925) 937-3272

6   Attorneys for Defendant
    UNITED STATES FIDELITY & GUARANTY
7   COMPANY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  HOME DEPOT U.S.A., INC.,                    No. RG07359448

12                  Plaintiff,                   DEFENDANT UNITED STATES
                                                 FIDELITY & GUARANTY COMPANY'S
13          vs.                                  ANSWER TO PLAINTIFF HOME
                                                 DEPOT U.S.A., INC.'S COMPLAINT
14  UNITED STATES FIDELITY and
    GUARANTY COMPANY, TRAVELERS                  Complaint filed:   December 4, 2007
15  INSURANCE COMPANY, and DOES 1
    through 10, inclusive,
16
                    Defendants.                  BY FAX
17

18

19

20

21

22

23

24

25

26

27

28

ORISON ANSA
DEN ASSUNCAO
PROUGH, LLP

                ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

COMES NOW defendant United States Fidelity & Guaranty Company ("USF&G") and responds to plaintiff Home Depot U.S.A., Inc.'s unverified complaint for itself alone, and for no other party, by and through its attorneys of record, Morison Ansa Holden Assuncao & Prough, LLP as follows:

<u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure section 431.30(d), USF&G generally and specifically denies each and every allegation contained in plaintiff's complaint. USF&G specifically denies that plaintiff has been damaged in any sum or sums whatsoever, or by reason of any conduct of USF&G. USF&G specifically denies that plaintiff is entitled to any relief as against USF&G.

For further and separate affirmative defenses to plaintiff's complaint, and each and every cause of action therein, USF&G states and alleges and follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to impose any duty on USF&G to defend Home Depot, USA, Inc. ("Home Depot") under the USF&G insurance contract referred to in paragraph 8 of plaintiff's complaint ("the USF&G insurance contract").

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to impose any duty on USF&G to indemnify Home Depot under the USF&G insurance contract.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claims against USF&G are barred, in whole or in part, pursuant to the terms, provisions, definitions, endorsements, conditions, limitations, and exclusions set forth in the USF&G insurance contract.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims against USF&G are barred, in whole or in part, by virtue of the fact that Home Depot is not an insured under the USF&G insurance contract, and/or is not an insured for

1   the claims for which it is alleged USF&G had a duty to defend and/or indemnify Home Depot.

2   FIFTH AFFIRMATIVE DEFENSE

3       The USF&G insurance contract provides coverage only for sums that an insured becomes

4   legally obligated to pay as damages. Plaintiff's complaint is barred to the extent that it seeks

5   reimbursement, contribution or indemnification for, or is based on, losses that do not constitute

6   damages that an insured is legally obligated to pay.

7   SIXTH AFFIRMATIVE DEFENSE

8       The USF&G insurance contract provides coverage only for "bodily injury" or "property

9   damage" as those terms are defined in the USF&G insurance contract. Plaintiff's complaint is

10  barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based

11  on, damages other than for "bodily injury" or "property damage."

12  SEVENTH AFFIRMATIVE DEFENSE

13      The USF&G insurance contract provides coverage only for "bodily injury" or "property

14  damage" caused by an "occurrence," as those terms are defined in the USF&G insurance contract.

15  Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or

16  indemnification for, or is based on, damages other than for "bodily injury" or "property damage"

17  that was caused by an "occurrence."

18  EIGHTH AFFIRMATIVE DEFENSE

19      The USF&G insurance contract provides coverage only for "bodily injury" or "property

20  damage" that occurred during the effective period of the USF&G insurance contract. Plaintiff's

21  complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for,

22  or is based on, damages that occurred before the inception or after the expiration of the USF&G

23  insurance contract.

24  NINTH AFFIRMATIVE DEFENSE

25      The USF&G insurance contract provides coverage only for damages that are contingent,

26  unknown or fortuitous. Plaintiff's complaint is barred to the extent that it seeks reimbursement,

27  contribution or indemnification for, or is based on, damages that were not contingent, unknown or

28  fortuitous.

1    <u>TENTH AFFIRMATIVE DEFENSE</u>

2        The USF&G insurance contract does not provide coverage for the cost to repair or replace

3    the insured's faulty or defective work.  Plaintiff's complaint is barred to the extent that it seeks

4    reimbursement, contribution or indemnification for, or is based on, the cost to repair or replace an

5    insured's faulty or defective work.

6    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

7        The USF&G insurance contract does not provide coverage for "bodily injury" or "property

8    damage" for which the insured is obligated to pay damages by reason of the assumption of

9    liability in a contract or agreement, unless the insured assumed liability for such damages in a

10   contract or agreement that is an "insured contract," and the "bodily injury" or "property damage"

11   occurred subsequent to the execution of the contract or agreement, or the insured would have

12   been liable for the damages in the absence of the contract or agreement.  Plaintiff's complaint is

13   barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based

14   on, coverage for "bodily injury" or "property damage" for which an insured is obligated to pay

15   damages by reason of the assumption of liability in a contract or agreement, unless the insured

16   assumed liability for such damages in a contract or agreement that is an "insured contract," and

17   the "bodily injury" or "property damage" occurred subsequent to the execution of the contract or

18   agreement, or the insured would have been liable for the damages in the absence of the contract

19   or agreement.

20   <u>TWELFTH AFFIRMATIVE DEFENSE</u>

21       Plaintiff's complaint is barred because it fails to conform with the requirements of Code of

22   Civil Procedure section 425.10.

23   <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

24       Plaintiff's claim for breach of contract is barred because plaintiff has not suffered any

25   damages as a result of any alleged breach.

26   <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

27       The USF&G insurance contract does not provide coverage for "property damage" to "your

28   work" arising out of it or any part of it and included in the "products-completed operations

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

- 3 -

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1   hazard," unless the damaged work or the work out of which the damage arises was performed on

2   your behalf by a subcontractor. Plaintiff's complaint is barred to the extent that it seeks

3   reimbursement, contribution or indemnification for, or is based on, "property damage" to "your

4   work" arising out of it or any part of it and included in the "products-completed operations

5   hazard," unless the damaged work or the work out of which the damage arises was performed on

6   the named insured's behalf by a subcontractor.

7                        FIFTEENTH AFFIRMATIVE DEFENSE

8       The USF&G insurance contract does not provide coverage for "property damage" to

9   "impaired property," or property that has not been physically injured arising out of (1) a defect,

10   deficiency, inadequacy or dangerous condition in "your product" or "your work" or (2) a delay or

11   failure by you or anyone acting on your behalf to perform a contract or agreement in accordance

12   with its terms. Plaintiff's complaint is barred to the extent that it seeks reimbursement,

13   contribution or indemnification for, or is based on, "property damage" to "impaired property," or

14   property that has not been physically injured arising out of (1) a defect, deficiency, inadequacy or

15   dangerous condition in "your product" or "your work" or (2) a delay or failure by you or anyone

16   acting on your behalf to perform a contract or agreement in accordance with its terms.

17                        SIXTEENTH AFFIRMATIVE DEFENSE

18       Plaintiff's complaint is barred to the extent that Home Depot failed to cooperate with

19   USF&G, which cooperation is a condition precedent to coverage under the USF&G insurance

20   contract.

21                      SEVENTEENTH AFFIRMATIVE DEFENSE

22       Plaintiff's claims are barred, in whole or in part, to the extent that Home Depot failed to

23   perform its obligations under the USF&G insurance contract including, but not limited to, Home

24   Depot's agreement to give written notice to USF&G of any loss without unnecessary delay.

25                      EIGHTEENTH AFFIRMATIVE DEFENSE

26       Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff failed to

27   exercise reasonable diligence to mitigate its damages.

28   ///

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against USF&G are barred, in whole or in part, to the extent that plaintiff seeks reimbursement, contribution or indemnification for obligations assumed or monies voluntarily paid by Home Depot without USF&G's consent.

TWENTIETH AFFIRMATIVE DEFENSE

Coverage under the USF&G insurance contract is limited by the terms and conditions of the USF&G insurance contract to the extent that other insurance is applicable to the claims at issue.

TWENTY-FIRST AFFIRMATIVE DEFENSE

The USF&G insurance contract is subject to certain deductibles, per occurrence and aggregate limits. The coverage available under the USF&G insurance contract, if any, is subject to such deductibles and limits.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of laches.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrines of waiver, estoppel and unclean hands.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred due to Home Depot's waiver of any right to recovery under the USF&G insurance contract.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is barred because plaintiff is not an insured under the USF&G insurance contract, and/or is not an insured for the claims for which it is alleged USF&G had a duty to defend and/or indemnify Home Depot.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is barred because there was no breach of contract by USF&G.

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2   Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing

3   is barred by virtue of the fact that USF&G's position and conduct has been reasonable.

4

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

5   Plaintiff's claim for tortious breach of the covenant of good faith and fair dealing is barred

6   by virtue of the fact that the plaintiff has suffered no damages or economic detriment as a result

7   of any act or omission of USF&G.

8

## TWENTY-NINTH AFFIRMATIVE DEFENSE

9   Plaintiff's complaint, and each and every cause of action therein, fails to state facts

10  sufficient to constitute a cause of action against USF&G upon which relief can be granted.

11

## THIRTIETH AFFIRMATIVE DEFENSE

12  Plaintiff's claims are barred by the applicable statutes of limitation including, but not

13  limited to, California Code of Civil Procedure section 337.

14

## THIRTY-FIRST AFFIRMATIVE DEFENSE

15  Plaintiff's claims are barred by the applicable statute of repose.

16

## THIRTY-SECOND AFFIRMATIVE DEFENSE

17  To the extent that coverage, if any, is found under the USF&G insurance contract,

18  USF&G is entitled to have such loss equitably apportioned among all insurers and policies also

19  affording coverage for such loss, including any self-insurance or self-insured retention of any

20  insured or of any party.

21

## THIRTY-THIRD AFFIRMATIVE DEFENSE

22  USF&G has no duty to reimburse plaintiff for any portion of the defense costs incurred,

23  judgment entered and/or settlement reached which pertains to covered damages, if any, unless and

24  until the limits of any applicable deductible have been exhausted.

25

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

26  USF&G has no duty to reimburse Home Depot for any defense costs incurred in

27  defending Home Depot which were not reasonable and necessary.

28

1                  <u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

2         USF&G has no duty to reimburse Home Depot for any defense costs incurred in

3 defending Home Depot prior to the date of tender to USF&G.

4                  <u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

5         Plaintiff's complaint fails to allege with any particularity the terms, provisions, exclusions,

6 conditions, or limitations allegedly contained in any insurance contract entered into by USF&G.

7 USF&G is therefore unable to set forth all potentially applicable defenses and specifically

8 reserves its rights to later allege any theories and/or additional affirmative defenses, policy

9 defenses and/or applicable policy terms, conditions, limitations or exclusions based on

10 information which may become apparent during the continuing course of discovery or other

11 investigation in this litigation.

12         WHEREFORE, having fully answered plaintiff's complaint and having asserted its

13 affirmative defenses thereto, defendant USF&G respectfully prays for judgment in its favor and

14 against plaintiff as follows:

15        1.      That plaintiff take nothing by reason of its complaint on file herein;

16        2.      That this Court adjudge, determine, and decree that USF&G was not obligated to

17 defend or indemnify Home Depot in the underlying litigation;

18        3.      That this Court adjudge, determine and decree that USF&G is entitled to its costs

19 and disbursements in this action, including, but not limited to reasonable attorneys' fees; and

20        4.      For such other and further relief as the Court may deem just and proper.

21 Dated: February 15, 2008

                               MORISON ANSA HOLDEN ASSUNCAO

22                                & PROUGH, LLP

23

24                        By:

                                 Marc J. Derewetzky

25

                               Attorneys for Defendant

26                                UNITED STATES FIDELITY &

                               GUARANTY COMPANY

27

28   122081

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

                             - 7 -

**PROOF OF SERVICE**

1

2        I, the undersigned, an employee of Morison Ansa Holden Assuncao & Prough, LLP, located at 500 Ygnacio Valley Road, Suite 450, Walnut Creek, California 94596-8068, am over

3   the age of 18 years and am not a party to this matter, action or proceeding.

4        On February 19, 2008, I served a copy of the following document(s):

5        DEFENDANT UNITED STATES FIDELITY & GUARANTY
         COMPANY'S ANSWER TO PLAINTIFF HOME DEPOT U.S.A.,

6        INC.'S COMPLAINT

7   to the person(s) at the address(es) shown below:

8   Joshua S. Goodman, Esq.
    Jenkins Goodman

9   Neuman & Hamilton LLP

10  417 Montgomery Street, 10th Floor
    San Francisco, CA 94104

11

12

13    _____X_____   **BY U.S. MAIL**: I placed the document(s) for collection and processing for
      mailing with the United States Postal Service in Walnut Creek, California. I am readily familiar

14    with this firm's practice for collection and processing of correspondence for mailing with the
      United States Postal Service. On the same day that correspondence is placed for collection and

15    processing for mailing, it is deposited in the ordinary course of business with the United States
      Postal Service in a sealed envelope or package with postage fully prepaid.

16    _____   **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package
      provided by an overnight delivery carrier, with delivery fees paid or provided for, and addressed

17    to the person(s) to be served at the address(es) below, and placed the envelope or package for
      collection and overnight delivery. I am familiar with this firm's practice of collecting and

18    processing correspondence for overnight delivery. On the same day that correspondence is placed
      for collection and processing for overnight delivery, it is dropped off at an office or regularly

19    utilized drop box of the overnight delivery carrier, or picked up by the overnight delivery carrier,
      at Walnut Creek, California, and delivered the next day to the person(s) listed on this Proof of

20    Service.

21    _____   **BY PERSONAL SERVICE**: I caused the above-referenced document(s) to be personally
      served by a legal support service provider. See separate Declaration of Messenger.

22

23        I declare under penalty of perjury that the foregoing is true and correct. Executed on
      February 19, 2008, at Walnut Creek, California .

24

25

26                                              Marianne Fogle

27

28

MORISON ANSA      123596
HOLDEN ASSUNCAO
& PROUGH, LLP                    PROOF OF SERVICE

CERTIFICATE OF SERVICE

I, the undersigned, an employee of Morison Ansa Holden Assuncao & Prough, LLP, located at 500 Ygnacio Valley Road, Suite 450, Walnut Creek, California 94596-8068, am over the age of 18 years and am not a party to this matter, action or proceeding.

On May 29, 2008 I served a copy of the following document(s):

- **Defendant United States Fidelity & Guaranty Company's Notice of Removal**

to the person(s) at the address(es) shown below:

Joshua S. Goodman, Esq.
Tom Prountzos, Esq.
Jenkins Goodman Neuman &
Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104

Superior Court of the State of California
County of Alameda
Court Clerk
Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

**X    BY U.S. MAIL**: I placed the document(s) for collection and processing for mailing with the United States Postal Service in Walnut Creek, California. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

_____ **BY FACSIMILE TRANSMISSION**: I caused the above-referenced document(s) to be served by facsimile transmission, using transmitting facsimile machine number 925-937-3272, to the person(s) listed on this Proof of Service at the receiving facsimile machine number(s) listed above, on the above-referenced date. The transmission was reported as complete and without error. Attached is a true and accurate copy of the transmission report, which was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2008 at Walnut Creek, California.

Carmen Lawson

C:\Documents and Settings\cl\Application Data\Hummingbird\DM\Temp\MHP-#128023-v1-POS.DOC

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

PROOF OF SERVICE

1  WILLIAM C. MORISON (No. 99981)
   MARC J. DEREWETZKY (No. 130944)
2  ALISON F. GREENE (No. 148309)
   MORISON ANSA HOLDEN ASSUNCAO
3      & PROUGH, LLP
   500 Ygnacio Valley Road, Suite 450
4  Walnut Creek, CA  94596-8068
   Telephone:  (925) 937-9990
5  Facsimile:  (925) 937-3272

6  Attorneys for Defendant
   UNITED STATES FIDELITY & GUARANTY
7  COMPANY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  HOME DEPOT U.S.A., INC.,            )        No. RG07359448
                                        )
12            Plaintiff,                )   DEFENDANT UNITED STATES
                                        )   FIDELITY & GUARANTY COMPANY'S
13       vs.                            )   ANSWER TO PLAINTIFF HOME
                                        )   DEPOT U.S.A., INC.'S COMPLAINT
14  UNITED STATES FIDELITY and          )
    GUARANTY COMPANY, TRAVELERS         )   Complaint filed:   December 4, 2007
15  INSURANCE COMPANY, and DOES 1       )
    through 10, inclusive,              )
16                                      )
              Defendants.               )        BY FAX
17                                      )

18

19

20

21

22

23

24

25

26

27

28

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

───────────────────────────────────────────────
ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1       COMES NOW defendant United States Fidelity & Guaranty Company ("USF&G") and

2   responds to plaintiff Home Depot U.S.A., Inc.'s unverified complaint for itself alone, and for no

3   other party, by and through its attorneys of record, Morison Ansa Holden Assuncao & Prough,

4   LLP as follows:

5                   GENERAL DENIAL

6       Pursuant to California Code of Civil Procedure section 431.30(d), USF&G generally and

7   specifically denies each and every allegation contained in plaintiff's complaint.  USF&G

8   specifically denies that plaintiff has been damaged in any sum or sums whatsoever, or by reason

9   of any conduct of USF&G.  USF&G specifically denies that plaintiff is entitled to any relief as

10   against USF&G.

11      For further and separate affirmative defenses to plaintiff's complaint, and each and every

12   cause of action therein, USF&G states and alleges and follows:

13             FIRST AFFIRMATIVE DEFENSE

14      Plaintiff's complaint, and each and every cause of action therein, fails to state facts

15   sufficient to impose any duty on USF&G to defend Home Depot, USA, Inc. ("Home Depot")

16   under the USF&G insurance contract referred to in paragraph 8 of plaintiff's complaint ("the

17   USF&G insurance contract").

18           SECOND AFFIRMATIVE DEFENSE

19      Plaintiff's complaint, and each and every cause of action therein, fails to state facts

20   sufficient to impose any duty on USF&G to indemnify Home Depot under the USF&G insurance

21   contract.

22           THIRD AFFIRMATIVE DEFENSE

23      Plaintiff's claims against USF&G are barred, in whole or in part, pursuant to the terms,

24   provisions, definitions, endorsements, conditions, limitations, and exclusions set forth in the

25   USF&G insurance contract.

26          FOURTH AFFIRMATIVE DEFENSE

27      Plaintiff's claims against USF&G are barred, in whole or in part, by virtue of the fact that

28   Home Depot is not an insured under the USF&G insurance contract, and/or is not an insured for

1   the claims for which it is alleged USF&G had a duty to defend and/or indemnify Home Depot.

2   FIFTH AFFIRMATIVE DEFENSE

3   The USF&G insurance contract provides coverage only for sums that an insured becomes

4   legally obligated to pay as damages. Plaintiff's complaint is barred to the extent that it seeks

5   reimbursement, contribution or indemnification for, or is based on, losses that do not constitute

6   damages that an insured is legally obligated to pay.

7   SIXTH AFFIRMATIVE DEFENSE

8   The USF&G insurance contract provides coverage only for "bodily injury" or "property

9   damage" as those terms are defined in the USF&G insurance contract. Plaintiff's complaint is

10  barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based

11  on, damages other than for "bodily injury" or "property damage."

12  SEVENTH AFFIRMATIVE DEFENSE

13  The USF&G insurance contract provides coverage only for "bodily injury" or "property

14  damage" caused by an "occurrence," as those terms are defined in the USF&G insurance contract.

15  Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or

16  indemnification for, or is based on, damages other than for "bodily injury" or "property damage"

17  that was caused by an "occurrence."

18  EIGHTH AFFIRMATIVE DEFENSE

19  The USF&G insurance contract provides coverage only for "bodily injury" or "property

20  damage" that occurred during the effective period of the USF&G insurance contract. Plaintiff's

21  complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for,

22  or is based on, damages that occurred before the inception or after the expiration of the USF&G

23  insurance contract.

24  NINTH AFFIRMATIVE DEFENSE

25  The USF&G insurance contract provides coverage only for damages that are contingent,

26  unknown or fortuitous. Plaintiff's complaint is barred to the extent that it seeks reimbursement,

27  contribution or indemnification for, or is based on, damages that were not contingent, unknown or

28  fortuitous.

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

- 2 -

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1    <u>TENTH AFFIRMATIVE DEFENSE</u>

2    The USF&G insurance contract does not provide coverage for the cost to repair or replace

3    the insured's faulty or defective work.  Plaintiff's complaint is barred to the extent that it seeks

4    reimbursement, contribution or indemnification for, or is based on, the cost to repair or replace an

5    insured's faulty or defective work.

6    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

7    The USF&G insurance contract does not provide coverage for "bodily injury" or "property

8    damage" for which the insured is obligated to pay damages by reason of the assumption of

9    liability in a contract or agreement, unless the insured assumed liability for such damages in a

10   contract or agreement that is an "insured contract," and the "bodily injury" or "property damage"

11   occurred subsequent to the execution of the contract or agreement, or the insured would have

12   been liable for the damages in the absence of the contract or agreement.  Plaintiff's complaint is

13   barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based

14   on, coverage for "bodily injury" or "property damage" for which an insured is obligated to pay

15   damages by reason of the assumption of liability in a contract or agreement, unless the insured

16   assumed liability for such damages in a contract or agreement that is an "insured contract," and

17   the "bodily injury" or "property damage" occurred subsequent to the execution of the contract or

18   agreement, or the insured would have been liable for the damages in the absence of the contract

19   or agreement.

20   <u>TWELFTH AFFIRMATIVE DEFENSE</u>

21   Plaintiff's complaint is barred because it fails to conform with the requirements of Code of

22   Civil Procedure section 425.10.

23   <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

24   Plaintiff's claim for breach of contract is barred because plaintiff has not suffered any

25   damages as a result of any alleged breach.

26   <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

27   The USF&G insurance contract does not provide coverage for "property damage" to "your

28   work" arising out of it or any part of it and included in the "products-completed operations

hazard," unless the damaged work or the work out of which the damage arises was performed on

your behalf by a subcontractor.  Plaintiff's complaint is barred to the extent that it seeks

reimbursement, contribution or indemnification for, or is based on, "property damage" to "your

work" arising out of it or any part of it and included in the "products-completed operations

hazard," unless the damaged work or the work out of which the damage arises was performed on

the named insured's behalf by a subcontractor.

### FIFTEENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract does not provide coverage for "property damage" to

"impaired property," or property that has not been physically injured arising out of (1) a defect,

deficiency, inadequacy or dangerous condition in "your product" or "your work" or (2) a delay or

failure by you or anyone acting on your behalf to perform a contract or agreement in accordance

with its terms.  Plaintiff's complaint is barred to the extent that it seeks reimbursement,

contribution or indemnification for, or is based on, "property damage" to "impaired property," or

property that has not been physically injured arising out of (1) a defect, deficiency, inadequacy or

dangerous condition in "your product" or "your work" or (2) a delay or failure by you or anyone

acting on your behalf to perform a contract or agreement in accordance with its terms.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred to the extent that Home Depot failed to cooperate with

USF&G, which cooperation is a condition precedent to coverage under the USF&G insurance

contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Home Depot failed to

perform its obligations under the USF&G insurance contract including, but not limited to, Home

Depot's agreement to give written notice to USF&G of any loss without unnecessary delay.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff failed to

exercise reasonable diligence to mitigate its damages.

/ / /

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

- 4 -

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1

NINETEENTH AFFIRMATIVE DEFENSE

2    Plaintiff's claims against USF&G are barred, in whole or in part, to the extent that plaintiff

3    seeks reimbursement, contribution or indemnification for obligations assumed or monies

4    voluntarily paid by Home Depot without USF&G's consent.

5

TWENTIETH AFFIRMATIVE DEFENSE

6    Coverage under the USF&G insurance contract is limited by the terms and conditions of

7    the USF&G insurance contract to the extent that other insurance is applicable to the claims at

8    issue.

9

TWENTY-FIRST AFFIRMATIVE DEFENSE

10    The USF&G insurance contract is subject to certain deductibles, per occurrence and

11    aggregate limits.  The coverage available under the USF&G insurance contract, if any, is subject

12    to such deductibles and limits.

13

TWENTY-SECOND AFFIRMATIVE DEFENSE

14    Plaintiff's complaint is barred by the doctrine of laches.

15

TWENTY-THIRD AFFIRMATIVE DEFENSE

16    Plaintiff's complaint is barred by the doctrines of waiver, estoppel and unclean hands.

17

TWENTY-FOURTH AFFIRMATIVE DEFENSE

18    Plaintiff's complaint is barred due to Home Depot's waiver of any right to recovery under

19    the USF&G insurance contract.

20

TWENTY-FIFTH AFFIRMATIVE DEFENSE

21    Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing

22    is barred because plaintiff is not an insured under the USF&G insurance contract, and/or is not an

23    insured for the claims for which it is alleged USF&G had a duty to defend and/or indemnify

24    Home Depot.

25

TWENTY-SIXTH AFFIRMATIVE DEFENSE

26    Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing

27    is barred because there was no breach of contract by USF&G.

28

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2    Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing

3 is barred by virtue of the fact that USF&G's position and conduct has been reasonable.

4    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

5    Plaintiff's claim for tortious breach of the covenant of good faith and fair dealing is barred

6 by virtue of the fact that the plaintiff has suffered no damages or economic detriment as a result

7 of any act or omission of USF&G.

8    TWENTY-NINTH AFFIRMATIVE DEFENSE

9    Plaintiff's complaint, and each and every cause of action therein, fails to state facts

10 sufficient to constitute a cause of action against USF&G upon which relief can be granted.

11    THIRTIETH AFFIRMATIVE DEFENSE

12    Plaintiff's claims are barred by the applicable statutes of limitation including, but not

13 limited to, California Code of Civil Procedure section 337.

14    THIRTY-FIRST AFFIRMATIVE DEFENSE

15    Plaintiff's claims are barred by the applicable statute of repose.

16    THIRTY-SECOND AFFIRMATIVE DEFENSE

17    To the extent that coverage, if any, is found under the USF&G insurance contract,

18 USF&G is entitled to have such loss equitably apportioned among all insurers and policies also

19 affording coverage for such loss, including any self-insurance or self-insured retention of any

20 insured or of any party.

21    THIRTY-THIRD AFFIRMATIVE DEFENSE

22    USF&G has no duty to reimburse plaintiff for any portion of the defense costs incurred,

23 judgment entered and/or settlement reached which pertains to covered damages, if any, unless and

24 until the limits of any applicable deductible have been exhausted.

25    THIRTY-FOURTH AFFIRMATIVE DEFENSE

26    USF&G has no duty to reimburse Home Depot for any defense costs incurred in

27 defending Home Depot which were not reasonable and necessary.

28

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

- 6 -

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1                           THIRTY-FIFTH AFFIRMATIVE DEFENSE

2         USF&G has no duty to reimburse Home Depot for any defense costs incurred in

3 defending Home Depot prior to the date of tender to USF&G.

4                        THIRTY-SIXTH AFFIRMATIVE DEFENSE

5         Plaintiff's complaint fails to allege with any particularity the terms, provisions, exclusions,

6 conditions, or limitations allegedly contained in any insurance contract entered into by USF&G.

7 USF&G is therefore unable to set forth all potentially applicable defenses and specifically

8 reserves its rights to later allege any theories and/or additional affirmative defenses, policy

9 defenses and/or applicable policy terms, conditions, limitations or exclusions based on

10 information which may become apparent during the continuing course of discovery or other

11 investigation in this litigation.

12         WHEREFORE, having fully answered plaintiff's complaint and having asserted its

13 affirmative defenses thereto, defendant USF&G respectfully prays for judgment in its favor and

14 against plaintiff as follows:

15         1.     That plaintiff take nothing by reason of its complaint on file herein;

16         2.     That this Court adjudge, determine, and decree that USF&G was not obligated to

17 defend or indemnify Home Depot in the underlying litigation;

18         3.     That this Court adjudge, determine and decree that USF&G is entitled to its costs

19 and disbursements in this action, including, but not limited to reasonable attorneys' fees; and

20         4.     For such other and further relief as the Court may deem just and proper.

21 Dated: February 15, 2008            MORISON ANSA HOLDEN ASSUNCAO

22                                 & PROUGH, LLP

23

24                       By:

                                     Marc J. Derewetzky

25                       Attorneys for Defendant

26                       UNITED STATES FIDELITY &

                      GUARANTY COMPANY

27

28 122081

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

1

## PROOF OF SERVICE

2      I, the undersigned, an employee of Morison Ansa Holden Assuncao & Prough, LLP,
located at 500 Ygnacio Valley Road, Suite 450, Walnut Creek, California 94596-8068, am over

3      the age of 18 years and am not a party to this matter, action or proceeding.

4      On February 19, 2008, I served a copy of the following document(s):

5      DEFENDANT UNITED STATES FIDELITY & GUARANTY
       COMPANY'S ANSWER TO PLAINITFF HOME DEPOT U.S.A.,

6      INC.'S COMPLAINT

7      to the person(s) at the address(es) shown below:

8      Joshua S. Goodman, Esq.
       Jenkins Goodman

9      Neuman & Hamilton LLP

10     417 Montgomery Street, 10th Floor
       San Francisco, CA 94104

11

12
       _____ **X**        **BY U.S. MAIL**: I placed the document(s) for collection and processing for

13     mailing with the United States Postal Service in Walnut Creek, California. I am readily familiar
       with this firm's practice for collection and processing of correspondence for mailing with the

14     United States Postal Service. On the same day that correspondence is placed for collection and
       processing for mailing, it is deposited in the ordinary course of business with the United States

15     Postal Service in a sealed envelope or package with postage fully prepaid.

16     _____        **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package
       provided by an overnight delivery carrier, with delivery fees paid or provided for, and addressed

17     to the person(s) to be served at the address(es) below, and placed the envelope or package for
       collection and overnight delivery. I am familiar with this firm's practice of collecting and

18     processing correspondence for overnight delivery. On the same day that correspondence is placed
       for collection and processing correspondence for overnight delivery, it is dropped off at an office or regularly

19     utilized drop box of the overnight delivery carrier, or picked up by the overnight delivery carrier,
       at Walnut Creek, California, and delivered the next day to the person(s) listed on this Proof of

20     Service.

21     _____        **BY PERSONAL SERVICE**: I caused the above-referenced document(s) to be personally
       served by a legal support service provider. See separate Declaration of Messenger.

22

23     I declare under penalty of perjury that the foregoing is true and correct. Executed on
       February 19, 2008, at Walnut Creek, California .

24

25

26                                                   Marianne Fogle

27

28

MORISON ANSA
HOLDEN ASSUNCAO
& PROUGH, LLP

123596

PROOF OF SERVICE