JOSHUA S. GOODMAN - State Bar #116576
PAIGE P. YEH - State Bar #229197
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Plaintiff
HOME DEPOT U.S.A., INC.

MARC J. DEREWETZKY – State Bar # 130944
MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP
1550 Parkside Drive, Third Floor
Walnut Creek, CA 94596
Phone (925) 974-5107
Fax (925) 937-3272

Attorneys for Defendant
UNITED STATES FIDELITY AND GUARANTY COMPANY

UNITED STATE DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOME DEPOT U.S.A., INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES FIDELITY and GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. 08-02713 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**<br><br>Date:         September 5, 2008<br>Time:         10:00 a.m.<br>Courtroom:  1 |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rules 16-9 and 16-10, the parties, Plaintiff HOME DEPOT U.S.A., INC. ("HOME DEPOT" or "Plaintiff") and Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G" or "Plaintiff") hereby jointly submit the following status report:

///

-1-

JOINT CASE MANAGEMENT STATEMENT
C 08-2713 SC

1. **Jurisdiction and Service of Process**

The case was removed from California Superior Court in Alameda County because the amount in controversy exceeds the jurisdictional minimum and the parties are diverse. In addition to Defendant USF&G, Plaintiff HOME DEPOT also named and served Defendant TRAVELERS INSURANCE COMPANY ("TRAVELERS"). Plaintiff will file a voluntary dismissal without prejudice as to TRAVELERS prior to the Case Management Conference. At this time, there are no other outstanding jurisdiction or service of process issues.

2. **Facts**

GlideRite Corporation ("GlideRite") and Lumbermen's Mutual Insurance Company ("Lumbermans") entered into a general liability insurance contract, for the period March 22, 2003 to March 22, 2004. Plaintiff contends that on June 23, 2003, Plaintiff was named as an additional insured on the Lumbermen's insurance contract with GlideRite (the company hired by Plaintiff to supply and maintain the carts at Plaintiff's stores). Plaintiff further contends that Defendant took over or otherwise acquired the insurance business and/or policies of Lumbermen's and for its own internal reasons rewrote and/or reissued GlideRite Corporation's general liability policy midterm. Defendant contends it entered into a general liability insurance contract with GlideRite for the period September 4, 2003, to September 4, 2004. Plaintiff contends and Defendant denies that Plaintiff is or should have been added as and additional insured under Defendant's insurance contract and that, under the terms of that contract, Defendant owed a duty to defend and indemnify Plaintiff with respect to covered claims.

On July 15, 2005, a lawsuit entitled *Sara Lewinstein v. Home Depot U.S.A., Inc., et al* was filed in Alameda Superior Court, Action No. RG05222929, against various defendants, including Plaintiff (the "Underlying Action"). The Underlying Action arose

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-
JOINT CASE MANAGEMENT STATEMENT
C 08-2713 SC

out of an incident involving a cart maintained by GlideRite that occurred on September 23, 2003.

Plaintiff contends that the Underlying Action is a covered claim under Defendant's policy. Plaintiff contends that it tendered the defense of the Underlying Action to Defendant. Plaintiff contends that Defendant failed to defend or indemnify Plaintiff or to provide any meaningful response to its tender of defense, and that by doing so Defendant breached not only its contractual obligations to Plaintiff but also the covenant of good faith and fair dealing.

Defendant contends that Plaintiff is not an additional insured under the Policy, and therefore Defendant did not breach any contractual or other obligation to Plaintiff. Defendant also contends that it did respond to Plaintiff's tender of defense of the underlying action in a timely manner and did advise Plaintiff of its denial of the tender of defense, and did not breach the implied covenant of good faith and fair dealing.

**3.   Legal Issues**

The legal issues in this case include whether under the facts of this case, HOME DEPOT is an additional insured under, the USF&G insurance contract, whether USF&G is estopped from denying coverage due to its alleged actions, and whether USF&G breached its obligations to HOME DEPOT in the manner in which it handled and responded to HOME DEPOT'S tender of defense in the underlying action.

**4.   Motions**

Either Plaintiff or Defendant may file discovery motions, depending on the outcome of discovery. Plaintiff may, and Defendant will, file a motion for summary judgment.

**5.   Amendment of the Pleadings**

It is possible that new parties may be discovered through the discovery. Plaintiff and Defendant agree that amendments to pleadings adding new parties shall be made by December 31, 2008.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

**6.   Evidence Preservation**

Both parties have agreed to preserve any and all documentary, electronic or other evidence that may lead to the discovery of admissible evidence.

**7.   Initial Disclosures**

Both parties have made their initial disclosures.

**8.   Discovery (per FRCP 26(f))**

<u>Discovery To Date</u>:  Prior to removal from state court to this court, both parties propounded and responded to special interrogatories and requests for production of documents.  Defendant also propounded requests for admissions.

<u>Anticipated Discovery</u>:  Plaintiff anticipates further written discovery and between 3 and 6 depositions of Defendant, GlideRite, and any relevant insurance brokers.  The depositions will address the coverage that existed prior to Defendant's involvement, the facts and circumstances surrounding Defendant's taking over and rewriting the relevant insurance policy, communications with GlideRite, Plaintiff, and any broker concerning this transfer and rewriting, and the resulting coverage, and the handling of Plaintiff's tender of defense.

Defendant anticipates further written discovery, and between 3 and 6 depositions of plaintiff, GlideRite and any relevant insurance brokers.

<u>Proposed Discovery Plan</u>:  Written discovery and records subpoenas to be completed by January 30, 2009.  Expert reports to be completed by February 27, 2009.  Depositions and cleanup discovery to be completed by April 30, 2009.  No other modifications or limitations are suggested at this time.

**9.   Class Actions**

Not applicable.

**10.   Related Cases**

Unknown.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-4-
JOINT CASE MANAGEMENT STATEMENT
C 08-2713 SC

**11.   Relief**

   Plaintiff ..................................................................$500,000.00 (approximate)

   Defendant................................................................Dismissal

**12.   Settlement and ADR**

   The parties are amenable to nonbinding alternative dispute resolution.

**13.   Consent to Magistrate Judge for All Purposes**

   Defendant does <u>not</u> consent to a United States Magistrate presiding for any purpose. Defendant requests that the District Judge assigned to this case serve as the judge for all purposes as well as the trial judge for this case. Plaintiff has requested a jury trial before the District Judge.

**14.   Other References**

   The Parties do not agree to binding arbitration. No special master or Judicial Panel on Multidistrict Litigation is necessary.

**15.   Narrowing of Issues**

   None at this time.

**16.   Expedited Schedule**

   Not applicable.

**17.   Scheduling (Proposed)**

   Designation of Experts: February 27, 2009.

   Discovery cutoff: April 30, 2009.

   Dispositive Motions: March 16, 2009.

   Pre-trial Conference and Trial: May 2009.

**18.   Trial**

   Jury trial requested. Total trial length estimated at 3 to 5 court days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

   There are none known at this time.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

1  At this time, there are no other matters that may be conducive to the just and
2  expeditious disposition of the case.

3  DATED: August 29, 2008    JENKINS GOODMAN NEUMAN
4                             & HAMILTON LLP

6              By: /s/
                  JOSHUA S. GOODMAN
7                 PAIGE P. YEH
                  Attorneys for Plaintiff
                  HOME DEPOT U.S.A., INC.

9  DATED: August 29, 2008    MORISON ANSA HOLDEN ASSUNCAO &
                             PROUGH, LLP

12             By: /s/
                  MARC J. DEREWETZKY
                  Attorneys for Defendant
13                UNITED STATES FIDELITY &
                  GUARANTY COMPANY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-
JOINT CASE MANAGEMENT STATEMENT
C 08-2713 SC