```
1  WILLIAM C. MORISON (No. 99981)
   MARC J. DEREWETZKY (No. 130944)
2  ALISON F. GREENE (No. 148309)
   MORISON ANSA HOLDEN ASSUNCAO
3     & PROUGH, LLP
   500 Ygnacio Valley Road, Suite 450
4  Walnut Creek, CA 94596-8068
   Telephone: (925) 937-9990
5  Facsimile: (925) 937-3272

6  Attorneys for Defendant
   UNITED STATES FIDELITY & GUARANTY
7  COMPANY
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| HOME DEPOT U.S.A., INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FIDELITY and GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY, and DOES 1 through 10, inclusive, <br><br> Defendants. | No. RG07359448 <br><br> DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S ANSWER TO PLAINTIFF HOME DEPOT U.S.A., INC.'S COMPLAINT <br><br> Complaint filed: December 4, 2007 <br><br> **BY FAX** |

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

COMES NOW defendant United States Fidelity & Guaranty Company ("USF&G") and responds to plaintiff Home Depot U.S.A., Inc.'s unverified complaint for itself alone, and for no other party, by and through its attorneys of record, Morison Ansa Holden Assuncao & Prough, LLP as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), USF&G generally and specifically denies each and every allegation contained in plaintiff's complaint. USF&G specifically denies that plaintiff has been damaged in any sum or sums whatsoever, or by reason of any conduct of USF&G. USF&G specifically denies that plaintiff is entitled to any relief as against USF&G.

For further and separate affirmative defenses to plaintiff's complaint, and each and every cause of action therein, USF&G states and alleges and follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to impose any duty on USF&G to defend Home Depot, USA, Inc. ("Home Depot") under the USF&G insurance contract referred to in paragraph 8 of plaintiff's complaint ("the USF&G insurance contract").

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to impose any duty on USF&G to indemnify Home Depot under the USF&G insurance contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against USF&G are barred, in whole or in part, pursuant to the terms, provisions, definitions, endorsements, conditions, limitations, and exclusions set forth in the USF&G insurance contract.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against USF&G are barred, in whole or in part, by virtue of the fact that Home Depot is not an insured under the USF&G insurance contract, and/or is not an insured for

the claims for which it is alleged USF&G had a duty to defend and/or indemnify Home Depot.

### FIFTH AFFIRMATIVE DEFENSE

The USF&G insurance contract provides coverage only for sums that an insured becomes legally obligated to pay as damages. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, losses that do not constitute damages that an insured is legally obligated to pay.

### SIXTH AFFIRMATIVE DEFENSE

The USF&G insurance contract provides coverage only for "bodily injury" or "property damage" as those terms are defined in the USF&G insurance contract. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, damages other than for "bodily injury" or "property damage."

### SEVENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract provides coverage only for "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined in the USF&G insurance contract. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, damages other than for "bodily injury" or "property damage" that was caused by an "occurrence."

### EIGHTH AFFIRMATIVE DEFENSE

The USF&G insurance contract provides coverage only for "bodily injury" or "property damage" that occurred during the effective period of the USF&G insurance contract. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, damages that occurred before the inception or after the expiration of the USF&G insurance contract.

### NINTH AFFIRMATIVE DEFENSE

The USF&G insurance contract provides coverage only for damages that are contingent, unknown or fortuitous. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, damages that were not contingent, unknown or fortuitous.

## TENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract does not provide coverage for the cost to repair or replace the insured's faulty or defective work. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, the cost to repair or replace an insured's faulty or defective work.

## ELEVENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract does not provide coverage for "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, unless the insured assumed liability for such damages in a contract or agreement that is an "insured contract," and the "bodily injury" or "property damage" occurred subsequent to the execution of the contract or agreement, or the insured would have been liable for the damages in the absence of the contract or agreement. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, coverage for "bodily injury" or "property damage" for which an insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, unless the insured assumed liability for such damages in a contract or agreement that is an "insured contract," and the "bodily injury" or "property damage" occurred subsequent to the execution of the contract or agreement, or the insured would have been liable for the damages in the absence of the contract or agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred because it fails to conform with the requirements of Code of Civil Procedure section 425.10.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract is barred because plaintiff has not suffered any damages as a result of any alleged breach.

## FOURTEENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract does not provide coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations

hazard," unless the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard," unless the damaged work or the work out of which the damage arises was performed on the named insured's behalf by a subcontractor.

### FIFTEENTH AFFIRMATIVE DEFENSE

The USF&G insurance contract does not provide coverage for "property damage" to "impaired property," or property that has not been physically injured arising out of (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. Plaintiff's complaint is barred to the extent that it seeks reimbursement, contribution or indemnification for, or is based on, "property damage" to "impaired property," or property that has not been physically injured arising out of (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred to the extent that Home Depot failed to cooperate with USF&G, which cooperation is a condition precedent to coverage under the USF&G insurance contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Home Depot failed to perform its obligations under the USF&G insurance contract including, but not limited to, Home Depot's agreement to give written notice to USF&G of any loss without unnecessary delay.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff failed to exercise reasonable diligence to mitigate its damages.

///

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against USF&G are barred, in whole or in part, to the extent that plaintiff seeks reimbursement, contribution or indemnification for obligations assumed or monies voluntarily paid by Home Depot without USF&G's consent.

### TWENTIETH AFFIRMATIVE DEFENSE

Coverage under the USF&G insurance contract is limited by the terms and conditions of the USF&G insurance contract to the extent that other insurance is applicable to the claims at issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The USF&G insurance contract is subject to certain deductibles, per occurrence and aggregate limits. The coverage available under the USF&G insurance contract, if any, is subject to such deductibles and limits.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrines of waiver, estoppel and unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred due to Home Depot's waiver of any right to recovery under the USF&G insurance contract.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is barred because plaintiff is not an insured under the USF&G insurance contract, and/or is not an insured for the claims for which it is alleged USF&G had a duty to defend and/or indemnify Home Depot.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is barred because there was no breach of contract by USF&G.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is barred by virtue of the fact that USF&G's position and conduct has been reasonable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious breach of the covenant of good faith and fair dealing is barred by virtue of the fact that the plaintiff has suffered no damages or economic detriment as a result of any act or omission of USF&G.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against USF&G upon which relief can be granted.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure section 337.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that coverage, if any, is found under the USF&G insurance contract, USF&G is entitled to have such loss equitably apportioned among all insurers and policies also affording coverage for such loss, including any self-insurance or self-insured retention of any insured or of any party.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

USF&G has no duty to reimburse plaintiff for any portion of the defense costs incurred, judgment entered and/or settlement reached which pertains to covered damages, if any, unless and until the limits of any applicable deductible have been exhausted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

USF&G has no duty to reimburse Home Depot for any defense costs incurred in defending Home Depot which were not reasonable and necessary.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

USF&G has no duty to reimburse Home Depot for any defense costs incurred in defending Home Depot prior to the date of tender to USF&G.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to allege with any particularity the terms, provisions, exclusions, conditions, or limitations allegedly contained in any insurance contract entered into by USF&G. USF&G is therefore unable to set forth all potentially applicable defenses and specifically reserves its rights to later allege any theories and/or additional affirmative defenses, policy defenses and/or applicable policy terms, conditions, limitations or exclusions based on information which may become apparent during the continuing course of discovery or other investigation in this litigation.

WHEREFORE, having fully answered plaintiff's complaint and having asserted its affirmative defenses thereto, defendant USF&G respectfully prays for judgment in its favor and against plaintiff as follows:

1. That plaintiff take nothing by reason of its complaint on file herein;

2. That this Court adjudge, determine, and decree that USF&G was not obligated to defend or indemnify Home Depot in the underlying litigation;

3. That this Court adjudge, determine and decree that USF&G is entitled to its costs and disbursements in this action, including, but not limited to reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 15, 2008

MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP

By: /s/ Marc J. Derewetzky

Attorneys for Defendant
UNITED STATES FIDELITY & GUARANTY COMPANY

122081

- 7 -

ANSWER TO COMPLAINT OF HOME DEPOT U.S.A., INC.

## PROOF OF SERVICE

I, the undersigned, an employee of Morison Ansa Holden Assuncao & Prough, LLP, located at 500 Ygnacio Valley Road, Suite 450, Walnut Creek, California 94596-8068, am over the age of 18 years and am not a party to this matter, action or proceeding.

On February 19, 2008, I served a copy of the following document(s):

> DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S ANSWER TO PLAINITFF HOME DEPOT U.S.A., INC.'S COMPLAINT

to the person(s) at the address(es) shown below:

Joshua S. Goodman, Esq.
Jenkins Goodman
Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104

_____X_____ **BY U.S. MAIL**: I placed the document(s) for collection and processing for mailing with the United States Postal Service in Walnut Creek, California. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

_____ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier, with delivery fees paid or provided for, and addressed to the person(s) to be served at the address(es) below, and placed the envelope or package for collection and overnight delivery. I am familiar with this firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and processing for overnight delivery, it is dropped off at an office or regularly utilized drop box of the overnight delivery carrier, or picked up by the overnight delivery carrier, at Walnut Creek, California, and delivered the next day to the person(s) listed on this Proof of Service.

_____ **BY PERSONAL SERVICE**: I caused the above-referenced document(s) to be personally served by a legal support service provider. See separate Declaration of Messenger.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2008, at Walnut Creek, California.

_____
Marianne Fogle

123596

PROOF OF SERVICE