**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOME DEPOT U.S.A., INC., | Case No. 08-2713 SC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, TRAVELERS INSURANCE COMPANY, and DOES 1 through 10, inclusive, | |
| Defendants. | |

I.   **INTRODUCTION**

On February 19, 2009, Plaintiff Home Depot U.S.A., Inc. ("Home Depot") filed a Motion for Leave to File a First Amended Complaint ("Motion to Amend").  Docket No. 22.  Home Depot attached a copy of the proposed Amended Complaint.  Docket No. 22-3.  Defendant United States Fidelity and Guaranty Company ("USF&G") opposed the Motion to Amend ("USF&G Opposition").  Docket No. 30.  Home Depot filed a Reply in support of its Motion to Amend ("Home Depot Reply").  Docket No. 34.

On February 26, 2009, USF&G filed a Motion for Summary Judgment, or Alternatively, Partial Summary Judgment ("Motion for Summary Judgment").  Docket No. 24.  Home Depot opposed the Motion for Summary Judgment ("Home Depot Opposition").  Docket No. 33. USF&G filed a Reply in support of its Motion for Summary Judgment

**United States District Court**
For the Northern District of California

("USF&G Reply").  Docket No. 35.  For the reasons stated herein, the Motion to Amend is DENIED and the Motion for Summary Judgment is GRANTED.

USF&G also filed a Request for Judicial Notice ("RJN").  Docket No. 27.  These documents consist of state court filings, including a personal injury complaint filed by Sara Lewinstein against Home Depot in Alameda County Superior Court.  See RJN Ex. 6 ("Lewinstein Compl.").  The Court may take judicial notice of proceedings and filings in other courts.  See United States ex rel. Robinson Racheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)  The Court GRANTS USF&G's request.

**II.   BACKGROUND**

On January 27, 2003, Home Depot entered into an agreement with Glide Rite Corporation ("Glide Rite") for the maintenance and servicing of carts at Home Depot.  See Yeh Decl. Ex. C ("Maintenance Contractor Agreement").[1]  The insurance provision of this agreement provides that Glide Rite will maintain commercial general liability insurance naming Home Depot as an "additional insured."  Id. § 8.0.  The provision requires Glide Rite to provide Home Depot with proof of the insurance coverage, and notice in the event of cancellation or modification.  Id.

Although Home Depot has not produced the insurance policy itself, Home Depot alleges that Glide Rite obtained the requisite

---

[1] Paige P. Yeh, counsel for Home Depot, filed a declaration in support of the Opposition to USF&G's Motion for Summary Judgment. Docket No. 33-2.

2

United States District Court
For the Northern District of California

insurance from Kemper Insurance Company/Lumbermens Mutual

Casualty.  Home Depot Opp'n at 2.  Home Depot produced a

Certificate of Insurance Liability naming "Lumbermens Mutual

Casualty" as the insurer, Glide Rite as the insured, and

Grosslight Insurance, Inc. ("Grosslight") as the producer.  Yeh

Decl. Ex. D ("Certificate of Liability Insurance").[2]  The

certificate names Home Depot as an additional insured under Policy

No. 7RD80416401 with effective dates from March 22, 2003 to March

22, 2004.  Id.  Home Depot refers to this insurance policy as the

"Kemper Policy."  See Mot. to Amend at 4; Home Depot Opp'n at 2.

In May 2003, The St. Paul Companies ("St. Paul") informed

Grosslight that it had purchased the right to seek renewal of

insurance business written by Kemper Insurance Companies.  Yeh

Decl. Ex. E ("May 21, 2003, Letter").  Grosslight had three Kemper

insurance policies for Glide Rite.  Id. Ex. J ("June 23, 2003,

Email"); Ex. K ("July 25, 2003 Email").  Grosslight wanted all

three policies cancelled and re-written on to one St. Paul policy.

See July 25, 2003 Email.  Some time after August 26, 2003, the

three Kemper policies for Glide Rite were rewritten onto St. Paul

paper, St. Paul merged with Travelers Property Casualty

Corporation to become The Travelers Companies, Inc. ("Travelers"),

and the midterm rewrite of the Kemper Policy resulted in Policy

---

[2] USF&G contends that exhibits D through M attached to the
Declaration of Paige P. Yeh in Support of Home Depot's Opposition
to USF&G's Motion for Summary Judgment are not properly
authenticated and therefore inadmissible.  See USF&G Reply at 4-5.
The Court does not need to rule on this issue because taking these
documents into consideration does not alter the Court's
determination that USF&G is entitled to prevail on its Motion for
Summary Judgment.

3

No. BK01741173 between USF&G and Glide Rite.  See Mot. to Amend at 4 n.1; Home Depot Opp'n at 5.

Insurance Policy No. BK01741173 names USF&G as the insurer, Glide Rite as the insured, and Grosslight as the insured's agent. Walker Decl. Ex. 5 ("USF&G Policy") at STP00001.[3]  It states a policy period from September 4, 2003, to September 4, 2004.  Id.

On September 23, 2003, Sara Lewinstein allegedly suffered an injury at Home Depot's store in Emeryville, California, when a flatbed handcart failed, spilling its load on Ms. Lewinstein.  See Lewinstein Compl. at 7.  On July 25, 2005, Ms. Lewinstein filed a personal injury action against Home Depot in Alameda County Superior Court.  See id.  Over one year later, on September 13, 2006, Home Depot contacted Grosslight in order to tender its defense of the personal injury action to "Lumbermans Mutual Casualty."[4]  See Yeh Decl. Ex. N ("September 13, 2006, Letter").

On September 15, 2006, Grosslight sent a General Liability Notice of Occurrence/Claim to "Comm. Liab. Claims., The St. Paul Travelers."  Id. Ex. O ("Grosslight Notice").  The Grosslight Notice refers to the USF&G Policy, names USF&G as the insurer, Glide Rite as the insured, and Home Depot's Emeryville store as the location of occurrence.  Id.

Joanne M. Chase was assigned the task of reviewing Home

---

[3] Karen M. Walker, an underwriter for Travelers, filed a declaration in support of USF&G's Motion for Summary Judgment. Docket No. 26.

[4] While the Certificate of Insurance names the insurer as "Lumbermens," Home Depot's September 13, 2006, letter to Grosslight refers to the insurer as "Lumbermans."

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Depot's tender of defense.  <u>See</u> Chase Decl. ¶ 4.[5]  Ms. Chase is a technical specialist for Travelers.  <u>Id.</u> ¶ 1.  Travelers and USF&G are affiliated companies.  <u>Id.</u> ¶ 3.  In the fall of 2006, Ms. Chase consulted with Karen Walker, the Travelers' underwriter assigned to the Glide Rite account, to determine if Home Depot was covered.  <u>See</u> Walker Decl. ¶ 3.  Ms. Walker testified that "it was not the intent of St. Paul to provide the same coverage that was on the Kemper policy," and that to her knowledge "there was no agreement made that we would provide the same coverages on the Kemper policy to the St. Paul policy."  Yeh Decl. Ex. Q ("Walker Dep.) at 74:22-24, 83:10-12.  On January 2, 2007, Ms. Chase sent a letter to counsel for Home Depot and to Grosslight denying the tender.  Chase Decl. Ex. 4 ("January 2, 2007, Letter").  The letter states that "[a] thorough review of the United States Fidelity and Guaranty Company policy indicates that no Certificate of Insurance was issued by USF&G naming Home Depot as an additional insured . . ."  <u>Id.</u>  Home Depot states it did not receive this letter until discovery in the present action.  <u>See</u> Mot. to Amend at 5.  Before this letter was sent, on December 4, 2006, Home Depot settled the personal injury case at mediation for $387,500.  <u>See</u> <u>id.</u>  Home Depot claims to have expended $101,129.24 in attorney fees.  <u>See</u> <u>id.</u>

On December 4, 2007, Home Depot filed an action in Alameda County Superior Court against USF&G asserting the following causes of action: (1) breach of contract; and (2) bad faith breach of the

---

[5]  Joanne M. Chase filed a declaration in support of USF&G's Motion for Summary Judgment.  Docket No. 25.

covenant of good faith and fair dealing.  <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl."). On May 29, 2008, USF&G removed the case to this Court.  <u>See</u> Notice of Removal.  On August 29, 2008, the parties stipulated to a December 31, 2008, deadline for amending the pleadings to add new parties.  <u>See</u> Joint Case Mgmt. Statement ("JCMS") at 3.  Docket No. 7.  At the case management conference, the Court set March 4, 2009, as the discovery cutoff; April 3, 2009, as the last day for a hearing on motions; and the Court set a trial date of May 4, 2009.  <u>See</u> Docket No. 14.  Home Depot waited until February 19, 2009, to file its Motion to Amend. USF&G filed its Motion for Summary Judgment on February 26, 2009.

III. **LEGAL STANDARD**

    A.  **Leave to Amend**

With leave of the court, a party may amend its pleadings, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted).  Undue delay by itself is not sufficient to justify denying a motion to amend.  <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999).  The party opposing the amendment bears the burden of showing prejudice.  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987).

///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**B.**   **Summary Judgment**

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim.  Anderson, 477 U.S. at 247-49.

**IV.**   **HOME DEPOT'S MOTION TO AMEND**

Home Depot seeks to amend its Complaint to add Grosslight as a defendant, and to add four additional causes of action.  See Mot. to Amend at 3.  The proposed Amended Complaint contains six causes of action: (1) reformation of contract and specific performance (against USF&G); (2) breach of contract (against all defendants); (3) bad faith breach of the covenant of good faith and fair dealing (against all defendants); (4) negligent failure to obtain insurance coverage (against all defendants); (5)

7

United States District Court
For the Northern District of California

negligence (against Grosslight); and (6) negligent

misrepresentation (against Grosslight).  Proposed Am. Compl.,

Docket No. 22-3, ¶¶ 16-60.

The timing of Home Depot's Motion to Amend presents a

significant hurdle for Home Depot to overcome.  See

Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir.

1991) (abrogated on other grounds) (stating that the "timing of

the motion [for leave to amend], [filed] after the parties had

conducted discovery and a pending summary judgment motion had been

fully briefed, weighs heavily against allowing leave.").  Here,

discovery has closed, USF&G's Motion for Summary Judgment is fully

briefed.

As grounds for allowing the amendments, Home Depot contends

that it learned new information during two depositions conducted

in December 2008.  See Mot. to Amend at 5-7.  Also, Home Depot

contends that it first learned in February 2009 that Grosslight

acted as an insurance agent for USF&G rather than an insurance

broker.  Id. at 6.  The Court is not persuaded by Home Depot's

reasons for seeking amendment.  Home Depot has been aware since

before this litigation began that Grosslight was involved in

obtaining liability insurance for Glide Rite.  For example, on

September 13, 2006, Home Depot contacted Grosslight in order to

tender its defense of the personal injury action to Glide Rite's

insurer.  See September 13, 2006, Letter.  On August 29, 2008,

Home Depot stipulated to a December 31, 2008, deadline for

amending the pleadings to add new parties.  See JCMS at 3.  Home

Depot was therefore aware of the need to conduct discovery

**United States District Court**
For the Northern District of California

diligently in order to meet that deadline.  Instead, Home Depot

waited until December 9, 2008, to conduct its first deposition.

See Mot. to Amend at 5.  Home Depot waited until December 11,

2008, to subpoena Grosslight for documents.  See Home Depot Reply

at 5.  Home Depot did not act diligently to obtain the information

necessary to meet its own self-imposed deadline.  The Court finds

these delays unreasonable.

     In addition, USF&G has met its burden of showing prejudice if

Home Depot were permitted to amend the Complaint to add a new

defendant and four new causes of action.  Undue prejudice occurs

when proposed amendments add new claims that would require

additional discovery.  See Jackson v. Bank of Haw., 902 F.2d 1385,

1387-88 (9th Cir. 1990).  Here, if the Court allowed the

amendments Home Depot proposes, the Court would have to reopen

discovery because Home Depot seeks to add negligence-based claims

to a lawsuit that, up to this point, has been focused on

allegations of breach of contract.  The costs and delays

associated with additional discovery are not insignificant.  See

Frye v. Wine Library, Inc., No. 06-5399, 2007 WL 4357596, at *8

(N.D. Cal. Dec. 11, 2007).  The factors of undue delay and

prejudice to USF&G weigh strongly against granting leave to amend.

The Court DENIES Home Depot's Motion to Amend.


**V.    USF&G'S MOTION FOR SUMMARY JUDGMENT**

     **A.   Breach of Contract Claim**

     USF&G contends it is entitled to summary judgment in its

favor on Home Depot's breach of contract claim because the parties

9

to the USF&G Policy are USF&G and Glide Rite, and Home Depot is neither a named insured nor an additional insured on the USF&G Policy.  See Motion for Summary Judgment at 6.

### 1.   The USF&G Policy

The USF&G Policy provided Glide Rite with insurance coverage from September 4, 2003 to September 4, 2004, and it lists USF&G as the insurer, Glide Rite as the "Named Insured," and Grosslight as "Your Agent."  See USF&G Policy at STP00001.  The "Liability Coverage Part Declarations" identify Glide Rite as a corporation. See id. at STP00069.  The Liability Coverage Part provides that:

> Throughout this Liability Coverage Part the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this Liability Coverage Part. The words "we," "us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under SECTION II – WHO IS AN INSURED.

Id. at STP00073.  In Section 1, entitled "Coverage," it provides that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies . . . No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for.

Id.  In Section II, entitled "Who Is an Insured," it provides that if you are designated in the Liability Coverage Part Declarations as:

> d. An organization other than a partnership, joint venture or limited liability company,

10

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

> you are an insured. Your "executive officers"
> and directors are insureds, but only with
> respect to their duties as your officers or
> directors. Your stockholders are also insured,
> but only with respect to their liabilities as
> stockholders.

Id. at STP00084.  The policy goes on to state that each of the
following is also an insured:

> a. Your "employees" other than either your
> "executive officers" (if you are an
> organization other than a partnership, joint
> venture or limited liability company) . . .
> but only for acts within the scope of their
> employment by you or while performing duties
> related to the conduct of your business . . .
>
> c. Any person (other than your "employee" or
> volunteer worker), or any organization while
> acting as your real estate manager.
>
> ***
>
> g. An architect, engineer or surveyor engaged
> by you but only with respect to liability
> arising out of your premises or "your work."

Id. at STP00084-86.  Home Depot is not designated as a named
insured, does not fall into any of the above categories, and there
is no additional insured provision in the contract.

### 2.   Whether the USF&G Policy is Integrated

Home Depot contends that the insurance contract between USF&G
and Glide Rite is not an integration, or that it is only partially
integrated, and that extrinsic evidence is admissible to show that
the parties intended for Home Depot to be an additional insured
under the USF&G Policy.  See Home Depot Opp'n at 11-15.  The parol
evidence rule generally prohibits the introduction of extrinsic
evidence to vary or contradict the terms of an integrated written
instrument.  Cal. Code Civ. P. § 1856.  Applying the parol

11

evidence rule, the court must determine 1) whether the writing was intended to be an integration, i.e., a complete and final expression of the parties' agreement, precluding extrinsic evidence, <u>see</u> <u>Masterson v. Sine</u>, 68 Cal. 2d 222, 225-26 (1968); and 2) whether the agreement is susceptible of the meaning contended for by the party offering the evidence.  <u>See</u> <u>Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.</u>, 69 Cal. 2d 33, 37 (1968) ("<u>PG&E</u>").

In determining whether the parties intended the writing to be an integration, the Court can look at the instrument itself, which may contain an integration clause, any collateral agreements, and the circumstances at the time of the writing.  <u>Masterson</u>, 68 Cal. 2d at 225-26.  Here, the USF&G policy contains an integration clause.  It provides:

> This policy contains all the agreements between you and us concerning the insurance afforded.  The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

USF&G Policy at STP00004.  Home Depot has not presented any evidence of a collateral agreement that Home Depot was an additional insured under the USF&G Policy.

Instead, Home Depot relies on <u>Wagner v. Glendale Adventist Medical Center</u>, 216 Cal. App. 3d 1379, 1385-86 (Ct. App. 1989), to contend that the USF&G Policy is either not integrated, or a partial integration, expressing only certain terms of the agreement rather than the agreement in its entirety.  <u>See</u> Opp'n at

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

11-12.  Home Depot's reliance on <u>Wagner</u> is misplaced.  In <u>Wagner</u>, there were two writings at issue: an employment application and an acknowledgment form attached to an employee handbook.  216 Cal. App. 3d at 1383-84.  The court found that the "at will" provision in plaintiff's employment application was "a partial integration, i.e., a complete and final expression of this term of the parties' agreement, thus precluding any evidence of a prior or contemporaneous collateral agreement at variance with or in contradiction of this term."  216 Cal. App. 3d at 1388.  The court found that the acknowledgment form was not integrated because it was a standardized form missing key elements of the employment agreement, and it indicated that the terms and conditions of employment remained subject to change.  216 Cal. App. 3d at 1393. Here, unlike the writings at issue in <u>Wagner</u>, the USF&G Policy contains an express integration clause, and key elements of the agreement are not missing from the document.  It makes no sense for Home Depot to argue that the USF&G Policy is partially integrated because then it would be the parties' complete and final expression regarding the parties to the agreement.

Home Depot also argues that they and Glide Rite could not have intended the new policy to be an integration because they were never informed or notified of any change to the policy.  <u>See</u> Opp'n at 11-12.  The Court does not find this argument convincing. First, it is Glide Rite who was required to notify Home Depot of any change in Glide Rite's insurance policy, not USF&G.  <u>See</u> Maintenance Contractor Agreement § 8.0.  It appears that Glide Rite failed to do so.  Second, as the party seeking to show the

13

United States District Court
For the Northern District of California

USF&G Policy was not an integration, the burden falls on Home Depot to come forward with evidence of a collateral agreement or circumstances to show that Home Depot was supposed to be an additional insured under the USF&G Policy.  Home Depot's evidence suggests the opposite.  Ms. Walker, the underwriter assigned to the Glide Rite account in the fall of 2006, testified that she was not aware of any agreement to provide the same coverage under the new policy.  See Walker Dep. at 83:10-12.  While Home Depot, Glide Rite, and Grosslight may have intended for Home Depot's coverage to be the same under the new policy, Ms. Walker testified that St. Paul did not intend to match prior coverage as part of the rewrite process.  See id. at 74:11-16, 74:22-24.  Based on this evidence and the express integration clause in the contract, the Court finds the USF&G Policy to be an integration.

### 3.   Home Depot's Extrinsic Evidence

Even if the Court were to consider the extrinsic evidence presented by Home Depot, it would not alter the Court's determination that Home Depot is not an additional insured under the express terms of the USF&G Policy.  Under California law, parties may introduce extrinsic evidence to prove a latent ambiguity in the terms of a contract.  "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible."  PG&E, 69 Cal. 2d at 37.  Here, Home Depot offers extrinsic evidence intended to show that

14

**United States District Court**
For the Northern District of California

Grosslight, the party named on the USF&G Policy as Glide Rite's insurance agent, was really acting during the rewrite process as St. Paul's agent. <u>See</u> Opp'n at 12-13. Home Depot argues that Grosslight intended for Home Depot to be covered under the new policy, and because of its agency relationship with St. Paul, Grosslight's acts, omissions, and intentions are binding on USF&G. <u>See</u> Opp'n at 13.

This argument is flawed. First, for Home Depot to argue that Grosslight was really acting as St. Paul's agent is inconsistent with the plain language of the USF&G Policy which identifies Grosslight as Glide Rite's agent. <u>See</u> USF&G Policy at STP00001. Second, and more importantly, this extrinsic evidence is of no import because the USF&G Policy is not reasonably susceptible to an interpretation according to which Home Depot is an insured. The USF&G Policy clearly and explicitly states that Glide Rite is the named insured. <u>See</u> <u>id.</u> The policy contains no provision regarding additional insureds. Home Depot has presented no evidence that a new certification of insurance naming Home Depot as an additional insured was ever obtained under the new policy. Home Depot offers its extrinsic evidence not to interpret terms that currently exist in the USF&G Policy, but rather to add a new provision identifying Home Depot as an insured. However, "extrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract." <u>See</u> <u>PG&E</u>, 69 Cal. 2d at 37; <u>see also</u> <u>Appling v. State Farm Mut. Auto. Ins. Co.</u>, 340 F.3d 769, 777-78 (9th Cir. 2003) (prohibiting insurance agents from using extrinsic evidence to add term to termination provision

15

because extrinsic evidence can only be used to interpret specific terms already existing in contract).

Furthermore, Home Depot's claims of insurance coverage under the USF&G Policy are directly contradicted by statements in Home Depot's Motion to Amend.  For example, in the Motion to Amend, Home Depot states "the underwriter rewriting the policy should have but failed to name Plaintiff as an additional insured on the rewritten policy; and Grosslight . . . failed to observe or rectify the omission."  Mot. to Amend at 5.  Home Depot states that "Plaintiff's coverage was terminated during the 'rewriting' of Glide Rite's Kemper Policy onto Defendant's paper."  Id. at 9.  The Court finds that Home Depot was not an insured under the USF&G Policy.

### 4.  Implied-In-Fact Contract

Alternatively, Home Depot contends the conduct of the parties created an implied-in-fact contract between Home Depot and USF&G.  See Opp'n at 15-17.  Home Depot contends that Glide Rite and Grosslight acted as though Home Depot was an additional insured.  See id. at 16.  Home Depot contends that USF&G "acted as though it were possible that Home Depot was an additional insured."  Id.  However, entertaining the possibility that Home Depot might have been covered, and investigating Home Depot's tender of insurance to see if Home Depot was covered, cannot be construed as conduct showing there was an implied-in-fact contract extending coverage to Home Depot.  Home Depot's only evidence in support of the contention that USF&G acted as though it were possible Home Depot was insured is a statement by Ms. Chase, the Travelers technical

16

specialist, who testified that she did not know if Home Depot's status as an additional insured under the Kemper policy carried over to the USF&G policy.  See Chase Decl. 37:19-23.  This statement does not show that USF&G acted as though there was a contract between Home Depot and USF&G.  Finally, "[t]here cannot be a valid express contract and an implied contract, each embracing the same subject matter, but requiring different results.  Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 630 (2d Dist. 1995) (citations omitted); see also Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 340 n.10 (2000).  Here, there was an express insurance contract between USF&G and Glide Rite which does not name Home Depot as an additional insured.  The Court finds there was no implied-in-fact contract between USF&G and Home Depot.

### 5.   Equitable Estoppel

Home Depot contends that USF&G should be equitably estopped from denying that Home Depot is an additional insured under the USF&G Policy.  See Opp'n at 17.  The elements of estoppel are (1) a representation or concealment of material fact; (2) made with actual or constructive knowledge of the fact; (3) made to a party without knowledge of the fact; (4) made with the actual or constructive intent that the other party rely on it; and (5) reliance thereon by the other party.  See, e.g. San Diego Mun. Credit Union v. Smith, 176 Cal. App. 3d 919, 922-23 (Ct. App. 1986).  Home Depot contends that Grosslight was acting as St. Paul's agent during the rewrite process.  See Opp'n at 18.  Home Depot implies that USF&G was therefore required to tell Home Depot

17

1    that it was not covered under the USF&G Policy, and that USF&G's

2    failure to do so estops USF&G from denying coverage to Home Depot.

3         The Court is not persuaded by this argument.  Here, there is

4    no evidence of a representation or concealment of material fact by

5    USF&G that it would have been reasonable for Home Depot to rely

6    on.  There is no evidence that USF&G was even aware that Home

7    Depot was an additional insured under the prior policy.  The

8    parties to the USF&G Policy were USF&G and Glide Rite, so the

9    Court fails to understand why USF&G should have contacted Home

10   Depot about the terms of the contract.  Home Depot's contention

11   that Grosslight was St. Paul's agent during the rewrite process is

12   not consistent with the express terms of the USF&G Policy, which

13   lists Grosslight as Glide Rite's agent.  <u>See</u> USF&G Policy at

14   STP00001.  Nonetheless, even if Grosslight were St. Paul's agent

15   during the rewrite process, Home Depot has not explained why that

16   fact would have obliged USF&G to inform Home Depot about the new

17   policy.  Surely this obligation belonged to Glide Rite, the party

18   contractually bound to maintain an insurance policy covering Home

19   Depot.  <u>See</u> Maintenance Contractor Agreement § 8.0.

20              **6.   Standing to Sue for Breach of Contract**

21        Since Home Depot was not a party to the insurance contract

22   between USF&G and Glide Rite, Home Depot has no standing to sue

23   USF&G for breach of contract.  <u>See</u> <u>Republic Indem. Co. of Am. v.</u>

24   <u>Schofield</u>, 47 Cal. App. 4th 220, 225-26 (Ct. App. 1996)

25   (appellants who were not insured persons under terms of policy had

26   no standing to maintain suit for breach of contract and bad faith

27   against insurer);  <u>Gantman v. United Pac. Ins. Co.</u>, 232 Cal. App.

28

3d 1560, 1567-68 (Ct. App. 1991) (grant of summary judgment against individual homeowners affirmed because they were not insureds and hence lacked standing to enforce policy of homeowners' association).

Alex Robertson Company v. Imperial Casualty & Indemnity Company is a case that is particularly on point.  8 Cal. App. 4th 338, 340 (Ct. App. 1992).  Alex Robertson Company ("Robertson") entered into contracts with William E. Skinner & Associates ("Skinner"), an architectural firm, to provide Robertson with architectural plans for stores Robertson was building for Melvin and Stephen Jaffee ("the Jaffees").  Id. at 341.  Through Robertson's insurance broker, Skinner obtained professional liability insurance from Imperial Casualty & Indemnity Company ("Imperial").  Id.  The insurance indemnified Robertson for judgments arising out of Skinner's negligence.  Id.  The Jaffees sued Robertson for defective roofs at two stores, and Robertson tendered its defense to Imperial.  Id. at 341-42.  Imperial refused to defend Robertson, and the Jaffees won a judgment against Robertson.  Id.  Thereafter, Robertson sued Imperial for breach of contract, but the trial court granted summary judgment in favor of the insurer.  Id.  The trial court noted that Robertson was not an insured under the policy, and the insurer had no present duty to indemnify Robertson for any loss resulting from the Jaffee litigation because Skinner's liability for such loss had not been determined.  Id. at 342.  On appeal, Robertson argued that it was the intention of Robertson and Skinner that Robertson be a named insured under the policy.  Id. at 346.  The Court of

19

**United States District Court**
For the Northern District of California

Appeal determined that "[p]arol evidence of the subjective, uncommunicated intent of one of the parties is not admissible to contradict the express terms of the contract." Id.  The Court of Appeal affirmed the grant of summary judgment noting that "[i]n essence, Robertson has sued the wrong party." Id. at 346-47.

Here, the Court is also left with the impression that Home Depot has sued the wrong party.  Glide Rite was obliged under the Maintenance Contractor Agreement to maintain insurance covering Home Depot as an additional insured.  It appears that Glide Rite failed to live up to that obligation.  For reasons unknown to the Court, Home Depot brought a breach of contract action against USF&G, not Glide Rite.  Since Home Depot is not an insured under the USF&G Policy, a jury could not reasonably find in favor of Home Depot on its breach of contract claim against USF&G.  The Court GRANTS summary judgment in favor of USF&G.

**B.    Breach of Covenant of Good Faith and Fair Dealing**

Breach of contract is an essential element of a bad faith claim.  See Kransco v. Am. Empire Surplus Lines, 23 Cal. 4th 390, 408 (2000) ("without coverage, there can be no liability for bad faith on the part of the insured."); see also Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995) ("if there is no potential for coverage, and hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer.") (italics in original).  As explained above, Home Depot is not an insured under the USF&G policy, and therefore Home Depot

cannot prevail on a breach of contract claim against USF&G.
Because this essential element of a bad faith claim is missing,
Home Depot cannot prevail on its bad faith claim.  The Court
GRANTS summary judgment in USF&G's favor on Home Depot's claim for
breach of the covenant of good faith and fair dealing.

**VI.   CONCLUSION**

     For the reasons stated above, the Court DENIES Home Depot's
Motion to Amend, and GRANTS USF&G's Motion for Summary Judgment.

     IT IS SO ORDERED.

     Dated: April 13, 2009

                                    _____
                                    UNITED STATES DISTRICT JUDGE